Joseph Whealen v. St. Louis Soft Ball Association, Inc., a Corporation.—No. 40246.—202 S. W. (2d) 891.

Division One, June 9, 1947.

.Edmund W. Albright and Russell J. Horsefield for appellant.

*Theodore C. Eggers* and *J. A. Gochenour* for respondent.

CONKLING, J.—This case came here on transfer by the St. Louis Court of Appeals, because it deemed its opinion herein (198

S. W. (2d) 371) to be in conflict with the opinion of the Kansas City Court of Appeals in Bales v. Jefferson City Lines, 192 S. W. (2d) 27.

Appellant's action was for damages for personal injuries sustained while playing soft ball. At the close of plaintiff's evidence the trial court sustained defendant's motion for a directed verdict. The verdict was signed by a juror and entered of record. Judgment for defendant was entered of record thereon. After proper procedural steps plaintiff appealed to the St. Louis Court of Appeals.

■ After the case had been briefed, argued and submitted in that Court, it was discovered that the transcript of the record was defective in that it did not contain the judgment entered in the trial court upon the directed verdict. Rule 1.04(a). Pursuant to the authority of Rule 1.03, the Court of Appeals, in the exercise of its discretion, and of its own motion, required the clerk of the trial court to send up a certified copy of the judgment entered in the cause in the trial court. Rule 1.03 provides ". . . The court *may* of its own motion, at any time, require the clerk of the trial court to send up a complete transcript or any portion ■ thereof . . ." The Court of Appeals in the further exercise of its discretion ordered that the judgment so received be made a part of the transcript, and that the same be considered as though originally contained in the transcript. The judgment was a final judgment in favor of defendant.

Respondent filed a motion to dismiss the appeal on the ground that the transcript as originally filed in the Appellate Court failed to include the judgment. The Court of Appeals overruled that motion in its opinion. The appeal was then disposed of by the Court of Appeals on the merits.

The transcript of the record filed in the Court of Appeals, and now filed here contained a copy of appellant's notice of appeal "from a judgment against him (plaintiff) and in favor of defendant . . . on December 6, 1945." Upon the filing in the Court of Appeals on February 15, 1946 of the original "Notice of Appeal" the appeal in the case became "effective." The filing of such notice was the only requirement necessary to invoke appellate jurisdiction. Weller v. Hayes Truck Lines, 355 Mo. 695, 197 S. W. (2d) 657, 660. Laws Mo. 1943, page 353, Sec. 129, Mo. R. S. A. sec. 847.129. Section 129 of the Code also provides that "after a timely filing of such notice of appeal, failure of the appellant to take any of the further steps to secure the review of the judgment or order appealed from does not affect the validity of the appeal, but is ground for such action as the appellate court deems appropriate, which may include dismissal of the appeal." The transcript as originally filed showed that there was a trial, that testimony was heard and that the trial court directed a verdict for defendant. In the exercise of its discretion, the Court of Appeals was justified in ordering a certified copy of the judgment to be sent up. There was before the Court of Appeals sufficient affir-

mative information certified by the clerk of the trial court to cause that Court to believe in the actual existence of a final appealable judgment below. However, there was no duty upon the Court of Appeals to have thus completed the transcript by requiring the judgment to be sent up.

Under Rule 1.03 permission is given and any appellate court in Missouri is vested with a wide discretion to require or not to require the clerk of the trial court to send up any papers, documents or exhibits in any cause then pending on appeal in such appellate court. Such discretion the appellate court may exercise to send for any portion of the transcript inadvertently omitted, and thus prevent a miscarriage of justice. It may in the exercise of such discretion refuse and decline to make any requirement whatever of the clerk of the trial court. The appellate court may, in its discretion, refuse to permit counsel to supply the deficiency in the transcript out of time as did the Court of Appeals in Bales v. Jefferson City Lines, supra. However, if the appellate court having exercised its discretion to call upon the clerk of the trial court to supply a deficiency in the transcript, and such omission having been supplied by such clerk, or supplied by counsel with the Court's permission, then has before it a "full transcript", the appellate court then has sufficient upon which to proceed upon the merits of the appeal.

It should be observed that the view here expressed is no invitation to careless practice. Statutes are enacted and rules promulgated for guidance and uniformity. They should be meticulously observed. It is appellant's responsibility to file a full transcript as required by the statute and the rules. Failure to do so may result in dismissal of the appeal. Confidence in the bar and the courts is promoted when causes are ruled not upon technicalities but upon the merits. Therefore, counsel should be alert to observe that all necessary procedural steps are taken. The Court of Appeals having exercised its discretion to have the judgment in the case sent up and then having before it a "full transcript" properly overruled the respondent's motion to dismiss the appeal. We proceed therefore to a consideration of the merits of the appeal.

The facts of the case upon the merits of the appeal as shown by the transcript are fully set out at length in the opinion of the Courts of Appeals. See 198 S. W. (2d) 371. Those facts are incorporated ▮▮▮▮ herein by reference and will not be here restated in detail. Suffice it to note that on the night of September 18, 1944, plaintiff-appellant, a member of a soft ball team in the Municipal Soft Ball Association in St. Louis, Missouri, was injured while playing in a ball game in that city. In the regular course of the game while attempting to retrieve the ball, appellant ran across the left field line into foul territory. He tripped over a piece of wire and fell on some broken glass. The park in question was owned by the

City of St. Louis. Respondent leased the park from the City. The Municipal Soft Ball Association was part of the Municipal Athletic Association. The City, under the reservation in the lease, had permitted the Municipal Soft Ball Association to have the use of the park on the night in question for the play-off of the championship series of the Municipal Association. Appellant's ball team belonged to an Industrial League, was sponsored by the Y.M.C.A., was affiliated with the Municipal Athletic Association and on the night in question was playing under the auspices of the last named Association. Respondent had nothing whatever to do with the park, and no control or right of control thereover on the nights the Municipal Soft Ball Association games were played. On the night in question, the Municipal Association sold the tickets, retained the proceeds, paid the park employees and appellant received no benefits whatever.

Appellant contends that by the lease (See 198 S. W. (2d) l. c. 375) it was respondent's duty to keep the field in a reasonably safe condition even when the park had been taken over and was being used by the Municipal Soft Ball Association, as on the night in question. We do not so read the lease and the applicable law. Nothing in the lease places any duty on respondent to keep the field in a safe condition for games of the Municipal Soft Ball Association or the Municipal Athletic Association. Respondent had no connection whatever with the last two named Associations who had the park on the night in question under an arrangement with the City. Careful reading of the record shows there is simply nothing before us which gives rise to any inference of duty owed by respondent to appellant.

In his argument that respondent owed appellant a duty to exercise care to keep the playing field reasonably safe, appellant cites and relies on lessor and lessee cases, of which Kelly v. Laclede Real Estate Company, 348 Mo. 407, 155 S. W. (2d) 90, is an example. Neither appellant nor the Municipal Soft Ball Association nor the Municipal Athletic Association was a lessee of respondent. Nor were they in any sense a tenant of respondent. The Municipal Soft Ball Association was in possession of the park by virtue of an arrangement with the City and not as lessor from respondent. The cases cited by appellant are not in point.

Appellant argues that "the evidence (is) that the respondent corporation owned the 'drag' over which appellant fell". That argument is successfully refuted by appellant's own testimony, unequivocal and inescapable. He testified (198 S. W. (2d) l. c. 376) that he tripped over a "piece of wire." Appellant's own testimony is subject to but one interpretation and demonstrates the error of his counsel's contention.

Appellant did not have the legal status of an invitee of respondent and appellant was not owed a duty as such. Respondent was a lessee of the City of St. Louis under which arrangement it had the use of

the park at certain times. As owner the City reserved to itself the use by itself and certain others at times so specifically reserved. Pursuant to such reservation of control, and by separate arrangements with the City, the Municipal Soft Ball Association under the auspices of the Municipal Athletic Association had control and sole right of control of the park at the time and in the playing of the game wherein appellant was injured.

Appellant was not an invitee of respondent and respondent owed no duty whatever to appellant. The cases cited by appellant in his brief are not in point upon his contention made.

It is elementary; and no citation of authority is necessary to establish, that actionable negligence mainly consists of three ▮ essential elements, one, the duty or obligation of the defendant to protect plaintiff from injury, two, a failure to discharge such duty, and, three, injury proximately resulting from such failure. See cases collected West Mo. Digest, Negligence 1. In the case at bar appellant proved he was injured. There was a total failure to establish any fact or circumstance which could give rise even to an inference that respondent owed appellant any duty whatever. There being no duty owed, none could be breached. It follows from what we have said that the trial court correctly ruled in directing a verdict for the defendant. The judgment entered upon such verdict is affirmed. It is so ordered. All concur.