Robert C. REIS, Administrator c.t.a., d.b.n. of the Estate of John F. Knoepfler, deceased, Plaintiff-Appellant,

v.

TRAVELERS INDEMNITY COMPANY, a corporation, Home Indemnity Company, a corporation, and John F. Mulligan, Administrator of the Estate of Robert M. Zeppenfeld, deceased, Defendants-Respondents.

No. 30921.

St. Louis Court of Appeals.

Missouri.

Jan. 16, 1962.

Robert C. Reis, St. Louis, for appellant.
John F. Evans, Evans & Dixon, John F. Mulligan, St. Louis, for respondents.

BRADY, Commissioner.

The plaintiff filed this action in the circuit court, naming as defendants Travelers Indemnity Company, Home Indemnity Company, and John F. Mulligan. Travelers and Home are the sureties upon the bond of one Zeppenfeld as executor of Knoepfler's estate. During the probate process of Knoepfler's estate, Zeppenfeld died and Mulligan was appointed administrator of Zeppenfeld's estate under a special purpose statute, section 473.603 RSMo 1959, V.A.M.S., for the sole purpose of making settlement and accounting for all assets belonging to Knoepfler's estate in Zeppenfeld's possession at the latter's death. The plaintiff is the duly appointed administrator cum testamento annexo de bonis non of Knoepfler's estate. The purpose of the action was to set aside the final settlement Zeppenfeld filed prior to his death in the Knoepfler estate, to recover from Zeppenfeld's estate and his sureties for certain items which it was alleged were improperly incurred or lost to Knoepfler's estate by reason of Zeppenfeld's alleged improper actions while executor, and to recover the compensation allowed to Zeppenfeld as executor, which it is alleged Zeppenfeld forfeited by his improper acts.

Mulligan made a special appearance for the purpose of filing a motion to dismiss and thereafter, some fourteen days later, Travelers and Home filed their joint motion to dismiss. The trial court entered its order, referred to in the transcript as " * * * its judgment and decree * * *", as follows:

"The Court having seen and examined, and duly considered the defendants Travelers Indemnity Company and Home Indemnity Company's motion to dismiss plaintiff's petition, and to quash writs of summons and service thereon, heretofore filed and submitted herein, and being fully advised thereof, doth order that said motion be and the same is hereby sustained."

The notice of appeal filed by the plaintiff is solely and specifically directed to this above order. Home and Travelers have filed their joint motion to dismiss this appeal and suggestions in support thereof and, as this court's rules provide, the motion was not argued but was taken with the case and is for decision now. Mulligan's motion alleged as grounds for dismissal that: (1) because he was appointed for a special purpose only and was not Zeppenfeld's general administrator, he was not a proper party to the action; (2) the petition fails to state a cause of action against "this defendant" upon which relief could be granted; and (3) the court had no jurisdiction over the subject matter. Travelers and Home based their motion to dismiss upon the grounds that: (1) the petition fails to state a claim against "these defendants" upon which relief could be granted; (2) the court did not have jurisdiction over the subject matter of the alleged claims, " * * * jurisdiction being vested exclusively in the Probate Court of the City of St. Louis, Missouri"; (3) all the allegations of matters found in the petition had been adjudicated in the Probate Court and since no timely exceptions were made nor appeals taken, the order of the Probate Court was final and not subject to review by the circuit court; (4) the petition improperly unites claims seeking the setting aside of final orders of the Probate Court with claims for recovery against the sureties on the bonds; (5) insofar as the claims on the bonds are concerned no copy of them was attached to the petition and " * * * said written instruments are not pleaded according to legal effect or recited at length in said pleading * * *"; (6) the plaintiff does not have legal capacity to sue; and (7) plaintiff has not furnished security for costs.

It is obvious from the very language of the court's order sustaining the motion to dismiss filed by Travelers and Home that the court was ruling only upon that motion. The court refers to "* * * the defendants Travelers Indemnity Company and Home Indemnity Company's motion to dismiss * * *." In effect, the plaintiff admits this but urges that under the provisions of section 510.150 RSMo 1959, V.A.M.S., any involuntary dismissal other than one for lack of jurisdiction or for improper venue shall be with prejudice unless the order specifies otherwise, and then argues that since this dismissal must be one with prejudice it "* * * terminated this cause of action. The petition was dismissed with prejudice and the cause was no longer pending. Therefore, defendant Mulligan was no longer a defendant in this cause and there was no reason to act upon his motion." The fallacy of this argument is that it fails to consider as to whom the cause was dismissed with prejudice. Of course, the cause was dismissed with prejudice as to the movants of the motion ruled upon; i. e., Home and Travelers. There is no doubt but that the trial court's action, as plaintiff puts it, terminated this cause of action as to them, but their motion cannot be extended to cover Mulligan, who never participated in it and who specially appeared and filed his own motion to dismiss.

The trial court's order is final and appealable only when it reaches the status of a judgment and "A judgment is the final determination of the right of the parties in the action." Section 511.020 RSMo 1959, V.A.M.S.; Rule 74.01, V.A.M.R. "The parties" in this action have not had a final determination of their rights. That has only been achieved by Travelers and Home. In Dillen v. Remley, Mo.App., 327 S.W.2d 931, and in all of the cases relied upon by plaintiff, all the defendants joined in the motion and so the court's order was a judgment for it disposed of the rights of *the parties*—all of *the parties*. As was said in Madison v. Sheets, Mo., 236 S.W.2d 286 at loc. cit. page 288, cases are not to be brought to appellate courts by appeal in detached portions

In 1947 this court specifically ruled upon this very matter in a case where the identical argument now presented by the plaintiff was presented. In W. T. Rawleigh Co. v. Rouse et al., Mo.App., 204 S.W.2d 438, an action was brought for the balance owing on a written contract of purchase signed by one defendant as purchaser and by three other defendants as his sureties. One of the sureties filed a motion in the trial court to dismiss plaintiff's petition as to her, and the trial court sustained that motion. The plaintiff thereupon filed after trial motions and sought to appeal from the action of the trial court in dismissing its petition as to the defendant Snead. This court there held at loc. cit. page 438:

"Section 1236, R.S.Mo.1939, Mo.R.S.A., defines a judgment as follows: 'A judgment is the final determination of the right of the parties in the action.' There is in an action of this nature no final judgment from which an appeal can be taken when there is no final determination of the cause as to all the parties. Harrison v. Missouri-Kansas-Texas R. Co., Mo.Sup., 87 S.W.2d 169; Ray v. Missouri Christian College et al., Mo.App., 93 S.W.2d 1030; Magee v. Mercantile-Commerce Bank & Trust Co., 339 Mo. 559, 98 S.W.2d 614; Bueker v. Aufderheide et al., Mo.Sup., 111 S.W.2d 131; Webster v. Sterling Finance Co., Mo.Sup., 165 S.W.2d 688; Mansfield v. Meade, Mo.App., 194 S.W.2d 544, 545; S. S. Kresge Co. v. Shankman, Mo.App., 194 S.W.2d 716."

The appeal is premature and the motion to dismiss should be sustained and the appeal be dismissed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court. The motion to dismiss is therefore sustained, and the appeal is dismissed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.