Gail Frances McDANIEL and Patricia Ann McDaniel, minors, by Pearl M. Eisnogle, next friend, Plaintiffs-Appellants,

v.

Nettie LOVELACE, Administratrix of the Estate of Clayton Thomas Lovelace, Joe Ray, Inc., A Corporation, and Douglas Wayne Clemons, Defendants-Respondents.

The FIDELITY AND CASUALTY COMPANY OF NEW YORK, a Corporation, Plaintiff-Respondent,

v.

WESTERN CASUALTY & SURETY COMPANY, a Corporation, et al., Defendants,

Gail Frances McDaniel and Patricia Ann McDaniel, minors, by Pearl M. Eisnogle, next friend, Defendants-Appellants.

Nos. 31622, 31623.

St. Louis Court of Appeals.

Missouri.

June 15, 1965.

Pannell & Hess, W. L. Pannell, Festus, for plaintiffs-appellants.

Dearing, Richeson, Weier & Roberts, H. L. C. Weier, Hillsboro, for defendant-respondent Nettie Lovelace.

Smith & Colson, Taylor Smith, Jr., Farmington, for defendants-respondents Joe Ray, Inc. and Douglas Clemons.

ANDERSON, Judge.

The appeal in cause No. 31,623 involves the validity of a nunc pro tunc order entered in the case of the Fidelity and Casualty Company of New York, a Corporation v. Western Casualty Company, a Corporation, et al., being cause No. 32,566 in the Circuit Court of Jefferson County. The appeal in cause No. 31,622 is by plaintiffs in the case of Gail Frances McDaniel and Patricia Ann McDaniel by Pearl M. Eisnogle, next friend vs. Nettie Lovelace, administratrix of the Estate of Clayton Thomas Lovelace, Joe Ray, Inc., a Corporation and Douglas Wayne Clemons, from an order of the Circuit Court of Jefferson County sustaining a motion to dismiss the case as to defendant Nettie Lovelace, administratrix. A somewhat detailed statement of facts will be necessary to a complete understanding of the matter involved in said appeals.

On the 12th day of March, 1958, there was a collision on Highway 61-67 in Jefferson County between a Buick automobile owned by Clayton Lovelace, and a tractor-trailer owned by Joe Ray, Inc., a Corporation and being driven at the time by Douglas Wayne Clemons. In the Buick automobile, at the time of the collision, were Clayton Lovelace, John McDaniel, Jr., and Anthony Joseph Bachek. All three of these men were killed instantly. Lovelace left surviving him, a widow and three minor children. McDaniel left surviving him, two minor children. Bachek left surviving him, a widow and three minor children. Nettie M. Lovelace was appointed administratrix of the estate of Clayton Thomas Lovelace. Fidelity insured Lovelace against liability imposed by law in the operation of his automobile. McDaniel owned a 1955 Ford automobile and was insured by Western Casualty. It contained omnibus coverage. Joe Ray, Inc., owner of the tractor-trailer, was insured by Travelers Insurance Company.

A controversy arose over who was driving the Buick automobile at the time of the

accident, and as to the duties of the respective insurance companies under the terms of their policies. To settle this matter, Fidelity, on May 21, 1958, instituted the above mentioned action, which sought a declaratory judgment to determine the identity of the driver of the Buick, and to declare the rights and duties of Fidelity under its coverage with respect to liability as a result of the accident and the rights and duties of Western under its policy issued to McDaniel with respect to the matter. The defendants in said action were Western; Joe Ray, Inc.; Clemons, the driver of the tractor-trailer; Travelers Insurance Company; Southwestern Bell Telephone Company, whose property was damaged by the collision; Union Electric Company of Missouri, whose poles and wires were likewise damaged; the two McDaniel children; Nettie M. Lovelace, personally and as administratrix of the estate of Clayton T. Lovelace; the Lovelace minors; the Bachek minors; David Compton, the operator of a restaurant in the vicinity of the site of the collision, who plaintiff believed would assert some claim for damages to his property as a result of the collision; and William Vaughn and Homer Probst, the owners of the restaurant building operated by Compton who plaintiff believed would assert some claim for damages to their property. The issues were joined in said action, and on January 12, 1959, the record shows the following order entered in said cause:

"Set for trial Jan. 22, William Pannell appointed Guardian Ad Litem for Bachek Minors. J. M. Feigenbaum, appointed Guardian Ad Litem for Lovelace Minors."

It will be observed that the two McDaniel minors were not included in the order.

On December 15, 1958, Gail Frances McDaniel and Patricia Ann McDaniel, the minor children of John McDaniel, Jr., brought suit by Pearl M. Eisnogle, their next friend against Nettie Lovelace, ad-

ministratrix of the Estate of Clayton Thomas Lovelace, Joe Ray, Inc., a Corporation and Douglas Wayne Clemons. This suit was filed in the Circuit Court of Jefferson County, and is cause No. 32,839 in said court. It sought damages for the death of their father due to the alleged negligence of the defendants.

Thereafter, the case of Fidelity and Casualty Company v. Western Casualty Company, et al. came on for trial. In that case the trial court submitted the issue as to who was driving the Buick at the time of the collision to a jury. The jury by its verdict found that John McDaniel Jr., was driving the car at the time of the accident. The other issues were tried to the court. The trial resulted in a decree declaring that John McDaniel, Jr., was the driver of the Buick at the time of the collision, and that Fidelity and Western should bear the costs of property damage equally between them; that the death claims should be borne in the ratio of two parts by Fidelity, to one part by Western, and that costs and expense of litigation should be borne by said companies at the same two to one ratio. This ratio was determined by the fact that the Fidelity policy had coverage for liability in the sum of $50,000—$100,000 on Lovelace and McDaniel had coverage under the Western policy in the sum of $25,000—$50,000. From this decree, appeals were taken to this Court by Western and the McDaniel minors. This Court, after an examination of the provisions of both policies, held that the coverage afforded by the Fidelity policy was the primary insurance, and that the coverage of Western's policy was for excess insurance, and liability under it was only available for the recovery of any sum over the amount of Fidelity's coverage. We also affirmed that part of the judgment declaring that McDaniel was the driver of the Buick automobile at the time of the collision. Fidelity & Casualty Co., of New York, v. Western Casualty and Surety Company, Mo.App., 337 S.W.2d 566.

Thereafter, and on January 5, 1961, Nettie Lovelace, administratrix of the Estate

of Clayton Thomas Lovelace filed a motion in the damage suit instituted by the McDaniel minors to dismiss the cause as to her. The grounds alleged in said motion were that since the court found that John McDaniel, Jr., father of the plaintiffs was driving the Buick automobile at the time of the collision in question, and since the only negligence charged against Clayton Thomas Lovelace was with respect to the driving and operation of said Buick automobile, plaintiffs in said action were not entitled to continue the action against her as administratrix of her husband's Estate. On January 9, 1961, said motion was, by the Court sustained.

Thereafter, and on October 24, 1962, the McDaniel minors filed in said damage suit a motion to set aside the order of January 9, 1961, dismissing said action as to Nettie Lovelace, administratrix, and to reinstate the latter as a defendant. The grounds of said motion were that since there was no guardian ad litem appointed by the Court in Fidelity Casualty Company v. Western Casualty & Surety Company, the declaratory judgment action and in which action they were named as defendants, the judgment in said action was void and invalid to them. This of course was a collateral attack on the judgment, which may not be permissible, a question not before us. See 43 C. J.S. Infants § 108b, pp. 279-280.

On October 30, 1962, Fidelity filed in the Circuit Court, a motion for an order nunc pro tunc in Fidelity and Casualty Company v. Western Casualty and Surety Company, et al., the declaration judgment action. Said motion is in words and figures as follows:

"Comes now plaintiff and shows to the Court that in the order made by this Court in the above entitled cause on the 12th day of January, 1959, set forth in Book 54, Page 190 of the Records of this Court on file in the office of the Clerk of the Circuit Court of Jefferson County, Missouri, there appears the following recital:

" 'Now on this day the Court appoints J. M. Feigenbaum Guardian Ad Litem for Lovelace minors and William L. Pannell as Guardian Ad Litem for Bachek minors and cause is by the Court set for trial on January 22, 1959.'

"Plaintiff shows to the Court that said order, as appears from the minutes, files and records of the Court should recite as follows:

" 'Now on this day the Court appoints J. M. Feigenbaum Guardian Ad Litem for Lovelace Minors and William L. Pannell as Guardian Ad Litem for Bachek and McDaniel minors and cause is by the Court set for trial on January 22, 1959.'

"WHEREFORE, plaintiff moves that the order of the Court hereinabove set forth be corrected and amended in the particulars hereinabove set forth and entered nunc pro tunc to show the true order of this Court."

Thereafter on the 19th day of March, 1963, the Court sustained the foregoing motion, the material part of its order sustaining same being as follows:
" * * *

"And plaintiff shows to the Court that in addition to the said William L. Pannell being appointed as guardian ad litem for the Bachek minors, the said William L. Pannell was also appointed guardian ad litem for the McDaniel minors, to wit, Gail Frances McDaniel and Patricia Ann McDaniel, as appears from the minutes, files and records of the Court; and plaintiff moves that said order be corrected and amended, and entered nunc pro tunc, in order to show the above facts.

"And said motion being heard, and it appearing that due notice thereof has been given to all parties concerned, and the Court being satisfied from the files, minutes and records of the Court, and by proper evidence that the said Wil-

liam L. Pannell was appointed guardian ad litem for the McDaniel minors, said judgment is now amended nunc pro tunc as of the 12th day of January, 1959, to read as follows, to wit:

"'Now on this day the Court appoints J. M. Feigenbaum Guardian Ad Litem for Lovelace Minors and William L. Pannell as Guardian Ad Litem for Bachek and McDaniel minors and cause is by the Court set for trial on January 22, 1959.'"

On March 29, 1963, a motion to set aside the above order and to enter an order overruling same was filed by defendants, Gail Frances McDaniel and Patricia Ann McDaniel. On May 13, 1963, this motion was overruled.

On May 21, 1963, defendants, Gail F. McDaniel and Patricia Ann McDaniel gave notice of appeal "from the order of the Circuit Court entered in this action on the 13th day of May, 1963."

In the damage suit, the Court, on May 13, 1963, overruled the motion to set aside the order of January 9, 1961, dismissing said action as to Nettie Lovelace, administratrix and reinstate the latter as a party defendant. Thereafter, on May 21, 1963, plaintiffs filed in said action their notice of appeal, which recited that plaintiffs appealed "from the order of the Circuit Court entered in this action on the 13th day of May, 1963."

█ At the outset, we are faced with a motion to dismiss the appeal in cause No. 31,622, being the appeal by the McDaniel minors from the order dismissing the damage suit action as to defendant Nettie Lovelace, Administratrix. This motion was filed by Respondent, Nettie Lovelace. The motion must be sustained for the reason that the order appealed from was not a final judgment for the purpose of appeal, since it did not dispose of the case as to all the parties. Civil Rule 74.01, V.A.M.R.; Reis v. Travelers Indemnity Co., Mo.App., 353 S.W.2d 120; Sutton v. City of St. Joseph,

Mo.App., 265 S.W.2d 760; Lawson v. Village of Hazelwood, Mo.App., 356 S.W.2d 539.

█ Respondent Fidelity in cause No. 31,623, being the appeal from the nunc pro tunc order entered in the declaratory judgment action, has also filed a motion to dismiss the appeal of the McDaniel minors in said cause. The grounds of said motion are: (1) that the transcript does not show the date the Court made the order, hence, it is not shown that the appeal was taken within the time prescribed by law; (2) that the time for appeal was not extended by the motion to set aside the order, which motion was filed March 29, 1963, and overruled May 13, 1963; hence the appeal taken May 21, 1963 was out of time, not being filed within ten days after the order.

Pursuant to the authority of Rule 83.03 and 82.12 of the Rules of the Supreme Court of Missouri, and Whealen v. St. Louis Soft Ball Association, 356 Mo. 622, 202 S.W.2d 891, this Court of its own motion issued an order in said cause directed to the Circuit Clerk of Jefferson County, directing him to send to this Court a certified copy of the record entry in the trial court showing the entry of the order nunc pro tunc, and the date thereof. The Clerk complied with this order, and from said certified copy we find that the nunc pro tunc order was made and entered in the records of the trial court on March 19, 1963. We have ordered that said certified copy be considered a part of the transcript of the record herein. The transcript therefore shows that the order nunc pro tunc was made March 19, 1963.

█ We will next proceed to the second ground urged in the motion to dismiss, i. e., that the time for appeal was not extended by the motion to set aside filed in the trial court on March 29, 1963. This motion was to all intents and purposes a motion for new trial and will be so regarded.

Respondent has cited in support of his contention: State ex rel. and to Use of

Grant v. Juden, Mo.App., 50 S.W.2d 702; Lasswell v. Lasswell, Mo.App., 192 S.W.2d 207; and O'Neal v. Milburn, Mo.App., 112 S.W.2d 124. The case of O'Neal v. Milburn held that a motion for new trial directed to an order overruling a motion to quash an execution was not necessary to an appeal and did not carry the matter over to the next term of Court for the purpose of appeal. The reason given for said ruling was that the motion to quash was not an after judgment motion in the nature of an independent action engrafted on the original suit. The court then held that, since the appeal was taken after the motion for new trial was overruled at a term subsequent to the term at which the motion to quash was passed on, the appeal was not in time. State ex rel. and to Use of Grant v. Juden, supra, held that an order denying a motion for amendment of a judgment nunc pro tunc was reviewable on appeal without the necessity of a motion for new trial. Lasswell v. Lasswell does support Respondent's contention. That case held that in a proceeding to amend a judgment nunc pro tunc, such amendment becomes final at the time made, and is not carried over by a motion for new trial. The appeal in that case was therefore dismissed because not taken within ten days after the nunc pro tunc order was made.

Supreme Court Rule 82.01 provides that the right of appeal shall be as provided by law. The law is set forth in Section 512.020 RSMo 1959, V.A.M.S. Said section, among other things, provides for appeal from any final judgment, or from any special order after final judgment in the cause. Rule 82.05 provides that the filing of a motion for new trial postpones the finality of the judgment until ruled upon or ninety days have expired. A proceeding for an order nunc pro tunc, such as the one in the case at bar, is an independent proceeding, and in effect a separate lawsuit and the Court's ruling, therein, in our opinion constitutes a final judgment in a "case," and not an after judgment order which is an adjunct to a case which has been determined, the purpose of which is to aid or impede the enforcement of said judgment. Such being true, the order nunc pro tunc is in itself a judgment, the finality of which may be postponed by a motion for new trial under Rule 82.05. We are led to this conclusion by the decision of our Supreme Court in Seabaugh's Dependents v. Garver Lumber Mfg. Co., 355 Mo. 1153, 200 S.W.2d 55. In that case the Court held that although a motion for new trial was not necessary to appellate review in a workmen's compensation case, the actual filing of one postponed the finality of the judgment for the purpose of appeal. The Court said (200 S.W.2d l. c. 64):

" * * * there can be no doubt that a motion for a new trial is an authorized motion *in any kind of case,* and has the same effect to postpone the finality of the judgment *in any case,* because under the new code it performs not only all of its former functions as à motion for new trial but also those of all former record proper motions. (Emphasis ours.)

" * * * Undoubtedly this was the purpose of the new code, and Rule 3.24 (Now Rule 82.05) construing it, in order to avoid the confusing situation prevailing under the old procedure, which caused parties to lose rights of appeal because a motion for new trial had the effect to postpone the finality of the judgment in some types of cases while such a motion had no function or effect at all in others."

In our opinion that since Seabaugh, the rule in Lasswell v. Lasswell, supra, relied on by Respondent is no longer the law in this state. The motion to dismiss the appeal in cause No. 31,623 should be overruled.

In the appeal of the McDaniel minors in cause No. 31,623, which involves the validity of the nunc pro tunc order heretofore mentioned, it is urged by appellants that the order was not based upon any evidence. An examination of the transcript supports this contention. While the order

itself recites that the Court was "satisfied from the files, minutes and records of the Court, and by proper evidence that the said William L. Pannell was appointed Guardian Ad Litem for the McDaniel minors," the transcript fails to show the introduction into evidence the matters referred to in the order nor does the transcript contain any evidence whatever to support this recitation. We cannot assume that proper evidence was introduced upon which said order was made. Civil Rules 82.12 and 82.14 provide that a transcript on appeal shall contain all the evidence necessary to the determination of all questions to be presented to the Appellate Court for determination. Rule 82.14 also provides that if the respondent is dissatisfied with appellants' transcript he may file such additional part of the record as he deems necessary. The transcript in this case was signed and approved by counsel for both appellant and respondent, as well as by the trial judge. Respondent did not file any supplementary transcript. We must assume therefore that the transcript so approved and filed contains everything touching on the issue raised on this appeal. The recitations in the order do not prove its validity, since the order itself is being attacked. For the same reason, we cannot presume right action on the part of the Court. This perhaps could be done in a collateral proceeding, but not on appeal in the very case where the order is the matter under attack. We must, therefore, hold that since there is no evidence in the transcript to support the order nunc pro tunc, said order should be reversed.

The motion to dismiss the appeal in cause No. 31,622 is sustained and the appeal therein is dismissed. The motion to dismiss the appeal in cause No. 31,623 is overruled. The order nunc pro tunc in cause No. 31,623 is reversed.

WOLFE, Acting P. J., and L. F. COTTEY, Special Judge, concur.