Ted H. GOTHARD, Petitioner-Appellant,

v.

James SPRADLING, Director, Missouri Department of Revenue, Leevirt H. Williams, Supervisor, Bureau of Driver's License, Respondents.

No. 10762.

Missouri Court of Appeals,
Springfield District.

Jan. 20, 1978.

Samuel J. Short, Jr., Stockton, for petitioner-appellant.

Dennis D. Reaves, Pros. Atty., Cedar County, for respondents.

TITUS, Judge.

Appellant's Missouri motor vehicle operator's license was ordered revoked for a period of one year from April 4, 1976. The revocation order emanated from appellant's alleged refusal to submit to a chemical test of sobriety within the City of Stockton, Missouri, on February 28, 1976. Thereaft-er, on March 24, 1976, a restraining order was issued by the regular judge of the court staying the enforcement of the revocation order. Subsequently a special judge was assigned to hear the matter.

Evidence was heard in the cause and the following entry was made on July 22, 1977:

"All parties appear and announce ready to proceed. Plaintiff's [sic] oral Motion to Dismiss heard and overruled. Defendant's [sic] Motion for Order Declaring Director of Missouri Department of Revenue in Default overruled.

"Evidence adduced. The Court orders that the temporary restraining order shall be continued until that Motion for New Trial is ruled upon.

"In the event a Notice of Appeal is filed the Appeal Bond shall be in the amount of $150.00."

Proceedings of this suit are civil in nature and are governed by rules pertaining to appeals of civil proceedings. *In re Spencer*, 439 S.W.2d 8, 9 (Mo.App.1969). The instant transcript contains nothing more than a minute or docket entry which does not constitute a final judgment from which an appeal may be taken. *Williams v. Williams*, 480 S.W.2d 525, 527[3] (Mo.App. 1972).

The appeal must be, and hereby is, dismissed.

STONE and HOGAN, JJ., concur.

BILLINGS, C. J., concurs in separate opinion.

FLANIGAN, J., dissents in separate opinion.

BILLINGS, Chief Judge.

I concur in the principal opinion. Without a final judgment having been *entered*, we have no appellate jurisdiction. *McCoy v. Simpson*, 344 Mo. 215, 125 S.W.2d 833 (1939). In my view, Rule 81.12(c), and the cases cited in the dissenting opinion, presuppose jurisdiction in this court.

Any additional steps required of the parties by our dismissing the case arises from their failure to see to it that the judgment rendered by the trial court was *entered* and made a part of the transcript.

FLANIGAN, Judge.

I respectfully dissent. I agree with that portion of the majority opinion which delineates the flaw in the transcript. I do not believe, however, that the appeal should be dismissed. I feel that the defect is correctable by an order of this court entered pursuant to Rule 81.12(c) which provides in part: "The appellate court may, if it seems necessary, order that a supplemental transcript on appeal shall be prepared and filed by either party or by the clerk of the trial court including any additional part of the record, proceedings and evidence . . ." By dismissing this appeal, this court is requiring the parties to take additional steps in order to relodge the matter here. Some of them could be eliminated and the appeal would be expedited if the problem were dealt with by order rather than by dismissal. See *Feigenbaum v. Van Raalte,* 356 Mo. 67, 201 S.W.2d 283, 284[1] (1947); *Whealen v. St. Louis Soft Ball Ass'n,* 356 Mo. 622, 202 S.W.2d 891, 893[2] (1947); *Gibson v. Metropolitan Life Ins. Co.,* 204 S.W.2d 439, 440[2] (Mo.App.1947).