STATE of Missouri, Plaintiff-Respondent,

v.

Stephen D. LEE, Defendant-Appellant.

No. 10794.

Missouri Court of Appeals, Springfield District.

Feb. 21, 1978.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David Donnelly, Donnelly, Baldwin & Wilhite, Lebanon, for defendant-appellant.

PER CURIAM.

Defendant Stephen D. Lee was jury tried and convicted of robbery in the first degree by means of a dangerous and deadly weapon and his punishment fixed at ten years' imprisonment. Following an unsuccessful motion for new trial the court granted allocution and imposed sentence and rendered judgment. However, the transcript filed herein fails to show that the clerk entered judgment as required by Rule 27.11, V.A. M.R., and consequently, we have no jurisdiction of this appeal.

Rule 27.11 provides: "Whenever a judgment upon a conviction shall be rendered in any court, the clerk of such court shall enter such judgment and sentence thereon fully on the minutes, stating briefly the offense for which such conviction shall have been had, and the court shall inspect such entries and conform them to the facts; but the omission of this duty, either by the clerk or judge, shall in nowise affect or impair the validity of the judgment or sentence."

The only entry in the transcript purporting to be the judgment from which would trigger the appellate process is nothing more than a docket entry which states: "Defendant is advised of jury's verdict and his punishment is fixed at commitment to State Dept. of Corrections for a period of ten (10) years. Allocution granted defendant. Judgment and Sentence. Defendant allowed 267 days jail time. Sheriff allowed one guard."

Where the clerk has failed to enter the required judgment the proper disposition is to set aside the submission of the case here and remand it with directions to the trial court to enter judgment. *State v. Skaggs*, 248 S.W.2d 635 (Mo.1952); *State v. Wilke*, 560 S.W.2d 601 (Mo.App.1978).

It is so ordered.

All concur, except FLANIGAN, J., dissents in separate opinion.

FLANIGAN, Judge.

I respectfully dissent for the reasons stated in my dissenting opinion in *Gothard v. Spradling*, 561 S.W.2d 448 (Mo.App., Springfield District, No. 10762, 1978).