STATE of Missouri,
Plaintiff-Respondent,

v.

Thomas Eldon HAYES,
Defendant-Appellant.

No. 10774.

Missouri Court of Appeals,
Springfield District.

Feb. 27, 1978.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

John B. Newberry, Springfield, for defendant-appellant.

PER CURIAM:

█ Defendant was found guilty of receiving stolen property and assessed punishment at three years' imprisonment. Thereafter a motion for new trial was filed within the time allowed by the court. However, this appeal cannot presently be considered upon its merits because the transcript on appeal fails to demonstrate that a judgment has been entered.

The purported judgment states (after reciting appearances): ". . . Verdict of jury read to defendant. Defendant renews application for parole. Argument heard by State and defense. Parole denied. Execution of sentence ordered. Defendant permitted to remain free on bond pending appeal on his personal recognizance. Missouri Department of Probation and Parole report filed and ordered kept in separate closed file kept by the Circuit Clerk. Court being advised there is no separate file. Court withdraws presentence to keep in Court file."

█ The final product of a criminal prosecution is a judgment. The purported judgment for the instant case is nothing more than a transcribed docket entry. Criminal convictions are of such gravity that the action taken by the court should be stated with certainty and preserved in some manner so that all who may be affected by said action may refer to the judgment to ascertain the rudimentary details of the proceeding.

It is not defendant's fault that judgment was not entered as provided by Rule 27.11, V.A.M.R. Ergo, his appeal will not be dismissed. However, as it is necessary for appellate review that the judgment entry upon conviction be shown and preserved by the transcript, we relegate the appeal to limbo until such time as a supplemental transcript is received showing the proper

and required entry of the judgment. *State v. Asberry,* 553 S.W.2d 902, 903[2] (Mo.App. 1977).

It is so ordered.

All concur, except FLANIGAN, J., dissents in separate opinion.

FLANIGAN, Judge.

I respectfully dissent for the reasons stated in my dissenting opinion in *Gothard v. Spradling,* 561 S.W.2d 448 (Mo.App., 1978).