**STATE of Missouri, Plaintiff-Respondent,**

v.

**Jeff NETZER, Defendant-Appellant.**

**No. 10875.**

Missouri Court of Appeals, Springfield District.

March 6, 1978.

John A. Watkins, Greenfield, for defendant-appellant.

PER CURIAM:

A Dade County jury declared defendant guilty of cultivating and growing marijuana. It assessed punishment at six months' confinement in the county jail and one year's probation. Defendant's motion for a new trial was overruled, allocution was accorded, defendant was sentenced in keeping with the verdict and he appealed.

This is another cause we must place in limbo until we are provided with a supplemental transcript showing that a proper judgment has been entered in accordance with Rule 27.11, V.A.M.R. The transcript on appeal contains only a docket entry which reads: "Dec. 5, 1977. Def. appears in person and with his atty and state appears by Pros. atty. Def's motion for new trial is taken up and overruled. Allocution granted. Def. sentenced in accordance with verdict of jury to six months in the Dade County Jail. Def. announces purpose to appeal. Appeal bond set at $5000 and def. allowed to deposit $500 cash in security therefor. Def. files Notice of Appeal. DWK." This does not purport to be, and cannot be, transformed by us into a judgment entry such as the clerk is required to make in accordance with Rule 27.11. Ergo, the cause is remanded for supplementation of the record as above noted. *State v. Rideeoutte,* 560 S.W.2d 70–71[1, 2] (Mo.App. 1977).

It is ordered so.

All concur, except FLANIGAN, J., dissents in separate opinion.

FLANIGAN, Judge.

I respectfully dissent for the reasons stated in my dissenting opinion in *Gothard v. Spradling,* 561 S.W.2d 448 (Mo.App., Springfield District, No. 10762, 1978).