**Morris FEDER, et al., Appellants,**

v.

**NATION OF ISRAEL, et
al., Respondents.**

**Nos. 60324, 60418.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 10, 1992.

Application to Transfer Denied
June 30, 1992.

Husch & Eppenberger, Mark G. Zellmer, Barnet M. McKee, St. Louis, for appellants.

Russell A. Willis III, St. Louis, for Mark A. Adelman.

Gallop, Johnson & Neuman, Charles A. Seigel, III, St. Louis, for respondents.

PUDLOWSKI, Presiding Judge.

This consolidated appeal is instituted by the intestate heirs (the Feder appellants) of Abram Sobol, deceased, and an Assignee (appellant Adelman) of certain of the intestate heirs (collectively referred to as appellants), from an order of the Circuit Court of the City of St. Louis, on cross-motions for summary judgment in a will contest. The trial court entered summary judgment for the respondent and against appellants. We reverse and remand with directions.

On December 31, 1984, Sobol executed his will at the offices of Scrivener, Ben J. Weinberger, and simultaneously took possession of it. On January 9, 1987, Sobol expired. After Sobol's death, despite a diligent search by the public administrator and his deputy, the original will could not be located. The only person who could have had access to Sobol's will was Rose Lee Dodd, Sobol's housekeeper. However, Ms. Dodd testified without contradiction that she did not take or destroy Sobol's will. None of Sobol's heirs had access to Sobol's will prior to or after Sobol's death.

Respondent, as the primary beneficiary under a photostatic copy of the will, filed an application for probate of lost will and letters testamentary in the Circuit Court of the City of St. Louis, Probate Division. The appellants challenged the said application claiming that since the original will could not be located, the decedent Sobol died intestate. The appellants and respondent filed cross-motions for summary judgment. The parties briefed and argued the motions before the probate court which granted summary judgment in favor of respondent and against appellants. The probate court's order admitting the photocopy "in solemn form" was appealed to this court. *In re Estate of Sobol,* 804 S.W.2d 770 (Mo.App.1990). The appeal was dismissed on jurisdictional grounds.

Meanwhile, the present will contest was initiated in a civil division of the circuit court. In an effort to resolve the will contest, appellants and respondent filed cross-motions for summary judgment. The depositions of Mr. Weinberger and Ms. Dodd were submitted to the trial court in their entirety.[1] We will educe in the course of our discussion, relevant portions of the depositions, made available to us. On May 29, 1991, the circuit court ruled in favor of respondent and against appellants on their motions for summary judgment. This appeal follows.

Appellants, in their sole point on appeal, allege circuit court error in granting summary judgment for the respondent because respondent failed to prove by substantial evidence any *reasonable* explanation for disappearance of the will sufficient to overcome the presumption that Sobol's will had been destroyed *animo revocandi.*

When reviewing a summary judgment, we glean through all the pleadings, depositions, answers to interrogatories and admissions on file, along with the affidavits

---

1. The record on appeal consists solely of the Legal File. Respondent, on August 14, 1991, filed a motion to supplement the record on appeal which was granted. The court's ruling indicated that "any supplemental record filed must comply with Rule 81.14(e)." Respondent, however, has failed to provide us with a supplemental record. Therefore, we have only those portions of the depositions attached to the parties motion for summary judgment.

Respondent's brief makes numerous references to the Dodd Depo.Tr. and the Weinberger Depo.Tr., which are not part of the record. We must take the record as it appears before us without supplementation. *Laclede Gas Company v. Hampton Speedway Company,* 520 S.W.2d 625, 628 (Mo.App.1975) (citations omitted). What we can consider are portions of the affidavits of Mr. Weinberger and Ms. Dodd, as appended to the parties motion for summary judgment. *See, McDaniel v. Lovelace,* 392 S.W.2d 422, 423 (Mo.App.1965), where respondent omitted to file a supplementary transcript, the court assumed that the transcript as filed contained everything pertaining to the issue raised on appeal. .

to ascertain whether there is any material fact issue and whether the moving party is entitled to judgment as a matter of law. *Magee v. Blue Ridge Professional Building Co., Inc.*, 821 S.W.2d 839 (Mo.1991). The dispute must involve a "material fact," that is, one which has legal probative force as to a controlling issue. *McKim v. Sears Rodeo Association, Inc.*, 789 S.W.2d 217, 220 (Mo.App.1990).

▮ Under Missouri law, a will is presumed destroyed by the testator with intent to revoke if the will was last seen in possession of the testator prior to the testator's death and the will cannot be found after a diligent search was made therefore. *Board of Trustees of Methodist Church v. Welpton*, 284 S.W.2d 580, 583 (Mo.1955). Appellants assert to have established the presumption in two ways. First, Sobol took possession of the will after it was executed on December 31, 1984, and there was no evidence that any other person had possession of the will. Second, a diligent and thorough search of Sobol's effects, by the public administrator and his deputy, produced no will.[2] We agree that appellants established the presumption that Sobol destroyed the will *animo revocandi* because he last had possession of the will and the will could not be located subsequent to Sobol's demise.

▮ This presumption, however, is rebuttable. Competent and satisfactory proof can be introduced to overcome it. *Welpton, supra* at 583; *McClellan v. Owens*, 335 Mo. 884, 74 S.W.2d 570, 574 (1934). It is for this reason that declarations of the decedent evincing the continued existence of the will, are properly received in evidence. *Welpton, supra* at 583. Our task is to determine whether respondent rebutted the presumption by introducing not only competent but sufficient evidence for disappearance of the will inconsistent with revocation. *Id.*

▮ Respondent's evidence to rebut the presumption of revocation, comprised of

the deposition testimony of two witnesses, Ms. Dodd and Mr. Weinberger. Ms. Dodd was a friend, companion and housekeeper to Sobol for approximately 13 years. Ms. Dodd saw her name on Sobol's will just once, when he opened up a document which he said was his will, and asked her to look at her name, indicating she was named as a beneficiary. Ms. Dodd did not see the title to the document, any dates or signatures. Sobol informed Ms. Dodd that the bequest to her was $5,000 when in fact it was only $3,000.

Thereafter, Sobol showed Ms. Dodd his will several times, but it was a folded piece of paper which he would remove from an envelope. The last she recalled of seeing the piece of paper which Sobol said was his will was a few days before his death. As a housekeeper, Ms. Dodd had almost daily contact with Sobol who frequently informed her of his desire to give his money to respondent. A copy of the will, located by the public administrator in Sobol's safe deposit box at Mercantile Bank, indicated the will had been altered by the deletion of the bequest to Ms. Dodd.

Based upon years of relationship and contact with Sobol, Mr. Weinberger testified that Sobol was a strong-willed individual. Prior to the execution of the will, Mr. Weinberger advised Sobol that if Sobol should die intestate, his estate would escheat to the State of Missouri. Mr. Weinberger testified that Sobol spoke with him several times, thereafter, in general terms about his desire to amend the will. Mr. Weinberger was unaware of any subsequent will that may have been drafted for Sobol, revoking the will in question, which respondent has offered.

Respondent's reliance on *Cockrum v. Cockrum*, 550 S.W.2d 202 (Mo.App.1977) is misplaced. In *Cockrum*, proponents of the missing will offered four, albeit, bizarre explanations for the disappearance of the original will. *Cockrum*, 550 S.W.2d at 206. The court found no evidence on the record

---

**2.** The uncontested affidavits of the public administrator, Mr. Ostenfeld, and his deputy, Ms. Michaels, clearly indicate that a diligent search of Sobol's effects produced no will. Respondent

conceded to the probate court that the public administrator had conducted "a diligent and thorough search of Sobol's effects".

to suggest that decedent had possession of the will after it was executed. *Cockrum, supra* at 207. "Evidence of lack of access [by the testator] to the will", coupled with statements made by the testator near the time of his death tending to show the continued existence of the will, overcame the presumption of revocation. *Id.*

The testator's lack of access to the will strongly indicates that the will must have disappeared in a manner inconsistent with revocation by a physical act. The present case is distinguishable because Sobol had access to his will which was kept in the apartment. Ms. Dodd testified to seeing the will a couple of days prior to Sobol's demise. No relative or heir had access to Sobol's will.

A will is universally recognized as a sacred document. When the testator desires to dispose of his assets according to his will, a certain degree of care and caution in its preservation, is required. Where, as in the present case, no will is located subsequent to the testator's demise, despite a diligent search of his effects, the presumption is set in motion. Mere existence of decedent's statements of the continued existence of the will, is insufficient to overcome the presumption that a will, last seen in possession of the testator, and which cannot be found after a diligent search, is destroyed *animo revocandi.* We believe that the testimony of Ms. Dodd and Mr. Weinberger, though competent, does not rise to the level of sufficient evidence capable of rebutting the presumption of revocation. What is required, and correctly so, is corroborating evidence, sufficient to justify the disappearance of the will inconsistent with revocation. *See infra.*

■ Respondent cites to *Peters v. Dodd,* 328 S.W.2d 603 (Mo.1959) to support the proposition that Sobol despised his deceased wife's family (appellant Adelman), and did not intend to revoke his will, leaving the intestate estate to the said appellant.[3] In addition, respondent asserts that Sobol's expressed love and sympathy toward respondent, whom he desired to leave most of his estate, negates any inference of revocation. In *Peters,* our Supreme Court recognized several situations where, in examining the sufficiency of the evidence to support a finding of revocation, weight and value is afforded to the relationship between testator and the named beneficiaries in the will claimed to have been revoked. *Peters, supra* at 608 (citations omitted). But, in *Peters,* the court's focus was on the admissibility of evidence that the testator demonstrated a change of feelings toward his daughters, the natural objects of his bounty, whom he had disinherited in the alleged will. *Id.* The Supreme Court did not rule on the sufficiency of the decedent's declarations to rebut the presumption of revocation. Therein lies the difference.

In the case *sub judice,* evidence that Sobol desired to give his estate to respondent, toward whom he harbored feelings of sympathy or affection, does not rise to the level of sufficient or corroborating evidence needed to overcome the presumption of revocation. *Welpton, supra.* The Supreme Court, in *Welpton,* ruled as a matter of law that substantial evidence was not introduced to surmount the presumption that decedent destroyed the will with intent to revoke it. *Welpton, supra* at 583–584.

The evidence in *Welpton,* viewed in light most favorable to the proponents of the missing will, established the existence of the will on May 7, three days prior to the decedent becoming incompetent, and lack of an intention by decedent on that date to revoke or change it. *Welpton, supra* at 583. The Supreme Court failed to find "additional evidence and corroborating circumstances which, when considered in connection with the declarations of the testator," would properly constitute a question of fact regarding revocation of the will. *Id.* (*Cf. McClellan v. Owens, supra* where the testator kept his will in a safe which his brother, an heir who would benefit from the destruction of the will, took and caused to be opened by a safe expert. 74 S.W.2d at 574. The Supreme Court regarded this as additional and corroborating circum-

---

**3.** The evidence to support this allegation is not    before us.

stances which, "together with the declarations of the testator, ... held sufficient to rebut the presumption that the testator himself destroyed the will with the intent to revoke it." *Id.* at 576. *See also McMurtrey v. Kopke,* 250 S.W. 399 (Mo.1923)).

In the present case, the declarations of the testator, "though competent to rebut the presumption of revocation occasioned by the failure to find the will at the death of testator" *McClellan, supra* at 575, requires additional evidence and corroborating circumstance to justify a question of fact "as to whether the deceased destroyed the will with intent to revoke it", *Welpton, supra,* at 583.

We reverse the judgment and remand for further proceedings consistent with our opinion.

STEPHAN and CRIST, JJ., concur.