Morris FEDER, et al.,
Plaintiffs/Respondents,

v.

STATE OF ISRAEL,
Defendant/Appellant.

No. 64073.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 15, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 15, 1994.

Application to Transfer Denied
April 26, 1994.

Michael A. Kahn, Tod J. O'Donoghue, Gallop, Johnson & Neuman, Clayton, for appellant.

Mark G. Zellmer, Omri E. Praiss, Husch & Eppenberger, St. Louis, Russell A. Willis, III, Creve Coeur, for respondents.

SMITH, Judge.

Defendant, the State of Israel, appeals from an order of the Circuit Court of the City of St. Louis granting summary judgment in favor of plaintiffs, the intestate heirs of Abram Sobol. We affirm.

On December 31, 1984, Sobol executed his will. Under this will, the State of Israel was named as the primary beneficiary while plaintiffs were not mentioned. On January 9, 1987, Sobol passed away. The original will was not found after a diligent search following Sobol's death. However, a photocopy of the will was discovered in a safe deposit box rented by Sobol.

The State of Israel filed an application for probate of a lost will and letters testamentary in the Probate Division of the Circuit Court of the City of St. Louis. The probate court granted summary judgment in favor of the State of Israel. The probate court's order admitting the copy "in solemn form" was appealed to this Court. *In re Estate of Sobol*, 804 S.W.2d 770 (Mo.App.1990). The appeal was dismissed on jurisdictional grounds.

The present will contest was initiated in the civil division of the circuit court. Following summary judgment in favor of the State of Israel, plaintiffs appealed to this Court. *Feder v. Nation of Israel*, 830 S.W.2d 449 (Mo.App.1992). In *Feder*, this Court determined that evidence of a testator's statement of the continued existence of a will; testimony of the will's scrivener that he was unaware of any subsequent will; and evidence that testator harbored feelings of sympathy toward the beneficiary of the will do not rise to the level necessary to overcome the presumption of revocation which exists when a will previously in the possession of the testator cannot be found in a diligent search after the testator's death. *Id.* at [6].

Following remand, the State of Israel adduced additional evidence in the form of a deposition of Mark Ostenfeld, the public administrator who performed the search for Sobol's will. Ostenfeld related that prior to his search for Sobol's will he had never found a copy of a will in someone's safe deposit box. Further, Ostenfeld had never previously found a copy of a will marked with original ink as was the case with the copy of Sobol's will. The location of the copy and the markings were referred to in the first *Feder* case. *Id.* at [5].

The State of Israel also introduced the affidavit of Rabbi Robert Sternberg, the Director of the St. Louis Center for Holocaust Studies. Rabbi Sternberg, while never actually meeting Sobol, related that Sobol, as a Holocaust survivor, would have considered it his "sacred obligation" to leave a substantial amount of his estate to the State of Israel.

After viewing this additional evidence, the circuit court granted summary judgment in favor of plaintiffs. The State of Israel appeals this grant of summary judgment.

In reviewing a grant of summary judgment, this court determines, after viewing the pleadings, depositions, answers to interrogatories, admissions, and affidavits, whether there is a material fact issue and whether the moving party is entitled to judgment as a matter of law. *Magee v. Blue Ridge Professional Building Co.*, 821 S.W.2d 839 (Mo banc. 1991) [2].

In this case, it has already been determined that plaintiffs "established the presumption that Sobol destroyed the will *animo revocandi* because he last had possession of the will and the will could not be located subsequent to Sobol's demise". *Feder*, 830 S.W.2d at [2, 3]. The only issue remaining is whether the State of Israel has introduced competent and satisfactory proof to overcome this presumption. *Id.* at [4]. If the State of Israel has overcome this presumption, the summary judgment in favor of plaintiffs was granted in error.

As stated previously, the only differences between the record we are provided with at this time and the record before the *Feder* court are the deposition of Mr. Ostenfeld and the affidavit of Rabbi Sternberg. Appellant argues this new information provides "additional evidence and corroborating circumstance[s] to justify a question of fact" as to

whether Sobol destroyed his will with intent to revoke it. *Id.* at [6].

However, this additional evidence does not rise to the level of sufficient or corroborating evidence necessary to overcome the presumption of revocation. The affidavit of Rabbi Sternberg only serves to bolster the previously adduced evidence showing Sobol's desire to give his estate to the State of Israel. This type evidence was not enough in *Feder* and is similarly not enough now.

The deposition of Mr. Ostenfeld likewise adds little to the record which was before the *Feder* court. The *Feder* court knew the copy of Sobol's will was found in his safe deposit box and that it had been altered. *Id.* at [5]. Therefore, the *Feder* court obviously did not draw the inference that Respondents wish us to draw, namely that Sobol believed the copy to be the legal equivalent of the original thereby raising doubt as to revocation.

The *Feder* court contemplated corroborating evidence "sufficient to **justify the disappearance** of the will inconsistent with revocation". *Id.* at [5], *emphasis added.* Such evidence would indicate an explanation as to why the will disappeared or was wrongly destroyed. *See McClellan v. Owens,* 335 Mo 884, 74 S.W.2d 570 (1934) (evidence showed safe which held testator's will had been opened, without permission, by testator's brother, an heir who stood to benefit from destruction of the will). The evidence adduced by the State of Israel before and after remand gives no hint of what happened to the will. At most it creates a possibility that "something" might have occurred other than destruction of the will with intent to revoke, but what that "something" was, or if it occurred, is sheer speculation.

The additional evidence produced by the State of Israel on remand is not sufficient to overcome the presumption of revocation. The trial court was correct in entering summary judgment in favor of plaintiffs.

Affirmed.

GRIMM, P.J., and CARL R. GAERTNER, J., concur.