AMERICAN EXTENSION SCHOOL OF LAW, APPELLANT, v. W. MAX RAGLAND, RESPONDENT.—112 S. W. (2d) 110.

Kansas City Court of Appeals. January 10, 1938.

*S. W. James, Jr.,* for appellant.

*Tom B. Hembree* for respondent.

REYNOLDS, J.—This suit was instituted by the plaintiff, a foreign corporation, against the defendant before a justice of the peace in Cole county, Missouri, to recover a judgment for a balance of $78, alleged to be due on a promissory note executed to it by the defendant.

The note sued upon was filed with the justice; and, with it, the plaintiff also filed a written contract entered into between it and the de-

fendant, alleged to recite the consideration to the defendant upon which said note was executed.

The defendant appeared before the justice and filed what is denominated in the record a plea of abatement, in which he alleges that the plaintiff was not entitled to maintain the action because, at the time of the institution of such action, the plaintiff was not licensed to do business in the State of Missouri and is not now licensed so to do and does not have the power to sue or be sued in the State of Missouri.

The justice overruled such plea or motion; and the defendant thereupon filed an answer and counterclaim, in which answer and counterclaim he denies any liability to the plaintiff because the plaintiff is not a corporation licensed by the laws of Missouri to do business in this State. He further sets up a failure of consideration, by reason of the failure of the plaintiff to comply with the terms of the contract entered into by it with him, in consideration of which contract the note was given, to which answer and counterclaim the plaintiff filed the following reply:

"Comes now the plaintiff and for its reply to the answer of defendant herein, states that it is, and was, at all times hereinafter stated, a corporation organized and existing under and by virtue of the laws of the State of Illinois, with its principal place of business located at the City of Chicago, in said State; that it is not engaged in business in the State of Missouri as defined in sections 4596-4598, Revised Statutes of Missouri, 1929, and that it is and was, in this and other transactions, engaged in interstate commerce and therefore does not come within the purview of the aforesaid sections.

"Plaintiff further states that under and in accordance with the terms of the contract entered into between said plaintiff and defendant herein under date of the 20th day of May, 1933, it agreed to furnish certain lessons, instructions and text books as provided therein, but denies that it agreed to furnish a 'full law library' as alleged by defendant."

The reply in substance further alleges a willingness on the part of the plaintiff to comply with such contract but alleges that the defendant breached the contract and failed to perform its terms upon his part and thereby made it impossible for performance on the plaintiff's part. It further makes general denial of the allegations contained in said answer and counterclaim.

The record does not set out the judgment rendered by the justice, but does set out that an appeal was taken from the judgment of the justice to the Circuit Court of Cole County, in which latter court it appears that the defendant's plea in abatement or motion to dismiss was taken up on May 28, 1936, and sustained on the ground that the plaintiff corporation was not licensed to do and transact business within the State of Missouri and the appeal was dismissed, and that,

after an unsuccessful motion for rehearing by the plaintiff, an appeal was taken by it to this court. It appears from the bill of exceptions filed that no evidence was offered or introduced on the trial of the cause.

The plaintiff's motion for rehearing is based upon alleged error on the part of the trial court in sustaining the plea in abatement for the reason that the plaintiff, a corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business located at the city of Chicago in the State of Illinois, is not required to comply with the provisions of Sections 4596-4598, Revised Statutes of Missouri, 1929, requiring the registration and licensing of foreign corporations doing business within the State of Missouri in order to maintain suits and sue in the courts of this State if said plaintiff corporation is not doing business within the State of Missouri within the purview of said sections; that the business of said plaintiff corporation is purely interstate in character and governed by the Constitution of the United States, article 1, chapter 8, clause 3, and the laws of the United States relative thereto exclusively; and that to subject said plaintiff corporation to the requirements of said Sections 4596-4598, Revised Statutes of Missouri, 1929, would constitute illegal restraint on interstate commerce, contrary to the federal constitution and laws.

The plaintiff assigns error as follows: That the court erred in sustaining the plea in abatement for the reason that said plaintiff, a corporation organized and existing by virtue of the laws of the State of Delaware with its principal place of business located at the city of Chicago in the State of Illinois, is not required to comply with the provisions of Sections 4596-4598, Revised Statutes of Missouri, 1929, requiring the registration and licensing of foreign corporations doing business within the State of Missouri in order to maintain suits and sue in the courts of this State, if said plaintiff corporation is not doing business within the State of Missouri within the purview of said sections; that the business of said plaintiff corporation in the State of Missouri is purely interstate in character and is governed by the Constitution of the United States, article 1, chapter 8, clause 3, and the laws of the United States relative thereto exclusively; and that to subject said plaintiff corporation to the requirements of said sections would constitute an illegal restraint on interstate commerce, contrary to the federal constitution and laws.

In support of such assignment, it cites numerous authorities, among which is the case of International Text-Book Company v. Gillespie, 229 Mo. 397, 129 S. W. 922, decided by the Supreme Court of this State, which holds that such sections are unconstitutional and void insofar as they apply to and affect a foreign corporation engaged solely in interstate commerce; that such a corporation so engaged is not subject to State regulation but is governed by the Con-

stitution of the United States and the laws thereof; and that, where such a corporation has a valid cause of action against a citizen of this State, it may sue such citizen thereon in the courts of this State, notwithstanding the provisions of said sections to the contrary. The case of the International Text-Book Company v. Gillespie, *supra*, is based upon a decision by the Supreme Court of the United States in the case of International Text-Book Company v. Pigg, 217 U. S. 91, involving a like state of facts and the same provisions of law.

The plaintiff contends that the facts in this case are the same as in the case of International Text-Book Company v. Gillespie, *supra*, except that the plaintiff herein does not maintain an office or district superintendents, division superintendents, clerks, or stenographers in this State as was done in that case but its solicitors or agents merely solicit contracts to be entered into with it by the applicant for courses of instruction, which contracts are sent direct to the home office of the plaintiff in the city of Chicago for approval by the plaintiff and the material comprising the course of instruction is sent direct by mail, from time to time, to the applicant purchaser of the course.

All such may be true, but the record does not so show. We cannot so find, unless we take judicial notice of the existence of such facts, if facts may be, which, of course, we can not do. There is no evidence in the record upon which to base such findings. From the record, it appears that the hearing of the so-called plea in abatement constituted the entire trial. The bill of exceptions recites that no evidence was introduced upon the hearing of such plea, and none is incorporated therein. Such is also stated to be a fact by the plaintiff in its brief.

The plaintiff in its brief refers to certain facts, purported to be set out therein, as being the admitted facts. However, if so, such are not preserved in the bill of exceptions or otherwise in the record. The facts admitted on the trial must be preserved in a bill of exceptions, the same as other facts introduced in evidence upon the trial.

The note sued on was not introduced in evidence. Neither was the contract filed therewith introduced in evidence. The note may be considered as part of the record proper, but the contract filed therewith cannot be so considered. It became no part of the note by reason of being filed therewith, as an exhibit or otherwise, and became no part of the record. We cannot take any notice whatever of it in the consideration of this matter.

The only fact that may be said to appear from the record, if that may be said fully to appear, is that the plaintiff is a foreign corporation. The character of its business and the manner in which it is conducted do not appear from the evidence in the record. It cannot therefore be determined upon the record that the character of its business and the manner of its conduct are exclusively interstate and are controlled by the constitution and the laws of the United

States, rather than by the laws of Missouri, or that any constitutional question is, upon the record, in fact involved.

The plaintiff makes the further point that there is no evidence in the record to sustain the decree of the trial court abating the action and dismissing the appeal from the justice of the peace. An examination of the record reveals that such is the case. That there must be evidence upon which to base a judgment or decree in any case, in the absence of admissions of sufficient facts in the pleadings to sustain it, is elementary law.

Among the proceedings had in the trial court, the bill of exceptions shows that, the cause coming on for trial on May 28, 1936, at the May term of the court, the plea in abatement was taken up by the court and that, after hearing said plea read and the argument of counsel, the court sustained the same and dismissed the appeal. The argument of counsel is not preserved in the record by way of the bill of exceptions or otherwise. If any admissions of necessary facts to be shown were made by counsel in such argument, the bill of exceptions should show such admissions and the facts admitted. No such admissions or facts are shown by it. Facts admitted upon the trial of a cause become evidence and must be preserved in the bill of exceptions.

The judgment and decree of the trial court sustaining the plea in abatement or motion to dismiss and dismissing the appeal from the justice court is reversed; and the cause is remanded for a new trial. All concur..