**COBB BUILDERS, INC., a Corporation, Plaintiff-Appellant,**

v.

**Sidney NAIDORF, Defendant-Respondent.**

No. 25675.

Kansas City Court of Appeals, Missouri.

Oct. 4, 1971.

**34**

Donald J. Lock, Wilcox & Houts, St. Joseph, for plaintiff-appellant.

Philip Eveloff, Muster & Eveloff, St. Joseph, for defendant-respondent.

DIXON, Commissioner.

Plaintiff-appellant seeks reversal of the order of the Circuit Court dismissing plaintiff's petition upon the basis of *res adjudicata*. Appellant contends that there is no evidentiary support for the Circuit Court's order sustaining the motion to dismiss.

The transcript contains a petition filed June 23, 1970 which alleges a cause of action in quantum meruit for services rendered by the plaintiff corporation. On October 19, 1970, the defendant filed a motion to dismiss in which the defendant alleged that the same cause of action was tried by the Magistrate Court of Margaret Young resulting in a final judgment. An answer was also filed, but it is not material to the issues here presented. On October 26, 1970, the court entered an order as follows:

> Now at this day comes the plaintiff in the above-entitled cause by its attorney, Donald Lock, of the law firm of Sprague, Wilcox and Houts, and comes the defendant by his attorney, Philip Eveloff, and now here defendant's motion to dismiss plaintiff's petition herein is taken up and considered by the Court, argument of counsel is heard thereon, evidence introduced, and said motion is by the Court sustained on the grounds of res judicata.
>
> Now here the above entitled cause is by the Court dismissed.
>
> IT IS THEREFORE ordered, adjudged and decreed by the Court that the plaintiff take nothing by this suit and that this defendant go hence without day and have and recover of and from the plaintiff his costs in this behalf expended and that execution by had accordingly.

There is nothing else in the transcript. The transcript was approved on the 2nd day of February, 1971 by attorneys for both of the parties.

Appellant contends that the motion to dismiss raising the matter of res adjudicata does not prove itself and that the movant had the burden of proving the allegations contended in the motion. There is no question but what appellant's position is correct in this regard, that proof is required to support the defense of *res adjudicata* and that the burden rests upon the party filing the motion. Randall v. St. Albans Farms, Inc., Mo., 345 S.W.2d 220, 223. Fine v. Waldman Mercantile Company, Mo.App., 412 S.W.2d 549, 551. There is no such evidentiary support for the order dismissing plaintiff's petition.

Nor may we apply a presumption of right action on the part of the trial

court to sustain an order since it is being directly attacked in this action. McDaniel v. Lovelace, Mo.App., 392 S.W.2d 422, 428. We quote from the last cited case as follows:

> * * * We cannot assume that proper evidence was introduced upon which said order was made. Civil Rules 82.12 and 82.14 provide that a transcript on appeal shall contain all the evidence necessary to the determination of all questions to be presented to the Appellate Court for determination. Rule 82.14 also provides that if the respondent is dissatisfied with appellants' transcript he may file such additional part of the record as he deems necessary. The transcript in this case was signed and approved by counsel for both appellant and respondent, as well as by the trial judge. Respondent did not file any supplementary transcript. We must assume therefore that the transcript so approved and filed contains everything touching on the issue raised on this appeal. The recitations in the order do not prove its validity, since the order itself is being attacked. For the same reason, we cannot presume right action on the part of the Court. This perhaps could be done in a collateral proceeding, but not on appeal in the very case where the order is the matter under attack. We must, therefore, hold that since there is no evidence in the transcript to support the order nunc pro tunc, said order should be reversed.

Upon the basis of that case, our ruling must be that the order sustaining the motion to dismiss must be reversed and the cause remanded.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of DIXON, C., is adopted as the opinion of the Court.

All concur.