In Interest of W. S. and D. S., minors.

No. 11483.

Missouri Court of Appeals,
Southern District,
Division One.

May 13, 1980.

Thomas L. Williams, Carthage, for appellant.

Robert B. Lee, Warten, Fisher & Lee, Joplin, for respondent juvenile officer.

PER CURIAM:

An amended petition was filed March 27, 1979, in the Juvenile Court of Jasper County wherein it was alleged that two minor boys were in need of care and treatment because their "environment or associations are injurious to their health and welfare." § 211.031, subd. 1(1)(c).[1] The stated reason for the averment was that the children had received excessive corporal punishment on two occasions from a boyfriend of the minors' mother. The mother had been awarded their custody at the time she was divorced from the boys' father. Following hearings held April 25 and July 26, 1979, the court on the latter date found the allegations of the petition to be true, declared it had jurisdiction of the juveniles and proceeded to conduct a "disposition hearing." After taking the matter under advisement, the court on August 2, 1979, ordered temporary custody of the children be continued with their father under supervision of Family Services but with visitation rights in the mother at her home on the first and third weekends of each month. Rule 119.02. The mother appealed.[2]

The points relied on in appellant's brief are written in absolute disregard of the mandatory requirements of Rule 84.-04(d). *Dors v. Wulff*, 522 S.W.2d 325, 326[4] (Mo.App.1975). Appellant's points relied on, in substance and briefly stated, are that the court nisi erred in exercising jurisdiction over the children because it made no finding of fact which would justify invocation of such jurisdiction but, if so, "the same was unsupported by the evidence", and the court erred in denying her "custody of her children because [the father] failed to sustain his burden of proving appellant was an unfit person." "Wherein and why" the trial court erred in exercising jurisdiction, "wherein and why" the court made no finding of fact justifying jurisdiction, "wherein and why" the judgment was unsupported by the evidence and "wherein and why" the father failed to sustain his burden of proof (albeit he was not a party to the cause) is left to conjecture. *Davis v. Schott*, 508 S.W.2d 193, 194[2] (Mo.App. 1974). We have no duty to con the tran-

---

1. References to statutes and rules are to Missouri Revised Statutes, V.A.M.S., and to Missouri Supreme Court Rules, V.A.M.R.

2. The Juvenile Court had jurisdiction over the children even though they were wards of the Circuit Court of another county by reason of their parents' divorce. *State ex rel. Dubinsky v. Weinstein*, 413 S.W.2d 178 (Mo. banc 1967); *State ex rel. McCarty v. Kimberlin*, 508 S.W.2d 196 (Mo.App.1974).

script or other parts of an appellant's brief to fathom the intendments of points relied on written in nonconformance with the rules. *Butterbaugh v. Public Water Supply Dist. No. 12 of Jackson County*, 512 S.W.2d 445, 447[3] (Mo.App.1974). But rather than dispatching this appeal on patent rule infraction alone, we make further observations that warrant dismissal of this appeal for another and more cogent cause.

As previously noted, hearings were held on April 25 and July 26, 1979. The only evidence found in the transcript on appeal concerning the April 25th hearing is the docket entry made on that date. Perhaps the omission from the transcript of the testimony heard in April would not be a critical preterition in all cases. However, in this instance we are confronted with repeated entreaties by counsel at the July hearing that the court consider the April testimony "in connection with this disposition hearing" and the trial court's reiterated assurances that such would be done from notes taken at "the prior hearing." We have no doubt as to the validity of the court's assurances and that it fully and faithfully considered the April testimony in arriving at its decision. Nevertheless, without the April testimony, we are unable, with any degree of judicial certainty, to determine the correctness vel non of the judgment appealed from, for on the record before us we are unable to render a fair judgment or properly come by the correct solution of the present appeal. Because of this, and the reasons previously stated regarding the points relied on, the appeal must be dismissed. *V. M. v. L. M.*, 526 S.W.2d 947, 951[9] (Mo.App.1975); *Farrar v. Moore*, 416 S.W.2d 711, 714–715[8–10] (Mo. App.1967); *Hines v. Bezler*, 161 S.W.2d 681, 683[8] (Mo.App.1942); *Maynard v. Standard Motor Co.*, 115 S.W.2d 228 (Mo.App.1938); 4A C.J.S. Appeal & Error § 1100, pp. 1107–1109.

The appeal herein is dismissed and the cause is ordered stricken from the court's docket for oral argument.

All concur, except FLANIGAN, C. J., concurs in result only.