George L. MARKUS, Jr.,
Plaintiff-Respondent,

v.

Ronald L. LIND and Sonja M. Lind,
Defendants-Appellants.

No. 42293.

Missouri Court of Appeals,
Eastern District,
Division No. 3.

May 12, 1981.

Joseph Badarocco, St. Louis, for defendants-appellants.

Yvonne M. Homeyer, Clayton, for plaintiff-respondent.

CRIST, Presiding Judge.

Defendants appeal from an order of the Circuit Court of St. Louis County, Missouri granting plaintiff's motion for judgment pursuant to an alleged settlement agreement. We reverse and remand.

By a written instrument, dated January 25, 1979, the parties entered into a residential real estate sales contract wherein respondent agreed to purchase defendants' house in St. Louis County for $106,000.00. On the agreed date of closing, February 15, 1979, plaintiff tendered payment to defendants but defendants refused to convey the property to plaintiff. Plaintiff brought this action, seeking specific performance of the contract and damages for the loss of rental value of the property. Defendants filed an answer on May 2, 1979 in which they averred that the contract price was inadequate and they were induced to sign the contract by duress.

On September 11, 1979, plaintiff filed a motion for judgment wherein he alleged that the parties had entered into a written settlement and compromise of the action for specific performance. Plaintiff sought approval of the settlement agreement and an order of the court that defendants pay plaintiff the amount of $12,000.00, the stated consideration for settlement. Attached to plaintiff's motion was a document entitled "General Mutual Release" which stated as follows:

This release made this _____ day of July, 1979, between George L. Markus, Jr., party of the first part, and Ronald H. Lind and Sonja M. Lind, parties of the second part, witnesseth that they hereby release the other of them from all sums of money, accounts, actions, suits, proceedings, claims, and demands whatsoever which either of them at any time had or has up to the date of these presents against the other for or by reason of or in respect of any act, cause, matter or thing; the consideration for this release is payment by parties of the second part to party of the first part the sum of Twelve Thousand and No/100 ($12,000.00) Dollars, and the mutual dismissal by both parties of Cause No. 419,500 now pending in the Circuit Court of the County of St. Louis, State of Missouri.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals the day and year first above written.

This document was signed by the parties and witnessed by the attorney for defendants.

Plaintiff's motion for judgment was heard and the trial court concluded that the mutual release constituted a valid, binding settlement agreement and that defendants were obligated to plaintiff in the amount of $12,000.00. The court, accordingly, entered judgment for plaintiff. Defendants appeal.

Defendants challenge the validity of the settlement as a basis for the judgment of the trial court. They allege the execution of the mutual release was conditioned upon the closing of another sales contract on the property in question, which closing did not come to pass. Plaintiff contends that the execution of the mutual release confirmed the unconditional settlement reached by the parties and reduced to writing the oral contract. This court finds the record to be an insufficient basis upon which to perform our duty to make a final disposition of this case on appeal.

Plaintiffs' motion was unverified and no affidavits were filed by any party on the motion for judgment. There is no evidence in the record that the parties agreed to the facts as set forth in plaintiff's motion. There is nothing in the record revealing that any evidence was introduced at the hearing on plaintiff's motion.

The unverified motion, with a copy of a document entitled a "General Mutual Re-

lease" attached thereto, is insufficient evidence or record upon which to dispose of this case "with some degree of confidence in the reasonableness, fairness and accuracy of our conclusion." *Capoferri v. Day*, 523 S.W.2d 547, 558 (Mo.App.1975); *Bryant v. Bryant*, 590 S.W.2d 352, 353 (Mo.App.1979). Without sufficient record and evidence, this case must be reversed and remanded for a new hearing on plaintiff's motion. See, *Capoferri v. Day, supra* at 558.

The judgment for plaintiff is set aside and the cause is remanded to the circuit court for further proceedings.

REINHARD and SNYDER, JJ., concur.