**In the Matter of the ESTATE OF Theodore August ZIERATH, Deceased.**

**No. 47163.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 10, 1984.

Richard G. Steele, Cape Girardeau, for appellant.

William H. Frye, Cape Girardeau, for respondent.

KAROHL, Judge.

Erna Graden and Alma Koessel as personal representatives of the estate appeal an award of an administrator's commission in the amount of $6,000. The award was made in favor of the original administrator with will attached appointed by the court when co-executors named in the will and codicil were found to be members of families incompatible with each other for the evident purpose of effecting a more orderly administration of the estate. The administrator resigned before the estate was in a position to be closed, filed a settlement to resignation and a petition for allowance of administrator's commission which alleged only that the amount requested "would be reasonable compensation for his services to the estate." The petition requested $6,734.50.

Theodore August Zierath died testate with a codicil in November, 1980. The administrator with will attached was appointed by the court on December 23, 1980. He filed a final settlement of his administration on January 11, 1983. He filed an amended inventory on January 19, 1983 and a petition for administrator's commission on February 8, 1983. Appellants were appointed as successor personal representatives on February 18, 1983.

The original inventory filed on May 5, 1981 described $628,868 in real estate and $16,000 in personal property. The subsequent amended inventory stated the value of the real estate to be $419,387. The real estate was never sold.

Appellants contend that the court erred in granting the original administrator a fee on the stated basis that "a reasonable fee .. for his services is $6,000" because he did "complete much of the administration of the estate." Their argument is twofold. First, that the fee cannot be based on the percentages of value of the real estate constituting the major portion of the assets because the real estate was never sold,

§ 473.153, RSMo 1978. Second, the petition is founded on quantum meruit in which there was no substantial factual evidence to support what services were rendered nor the value of those services. Appellants further contend that whatever services may have been rendered the administrator's failure to timely file and pay income tax returns and a federal estate tax return joined with a Section 6166 Election under the Internal Revenue Code, together with other failures, will obligate the estate to pay thousands of dollars in penalties and interest which must be considered in determining the quantum meruit value, if any, of those services performed.

The petition for allowance does not recite what services were performed. The administrator did not testify. The evidence in favor of the petition consisted of the testimony of the administrator's attorney, who was examined by the administrator, also an attorney. At best the evidence was that the nature of the assets and disputes of parties in interest made the probate of the estate difficult. The attorney for the estate testified that according to his office records the administrator worked with him one and one half to one and three-quarter hours. The administrator declined the court's offer to become a witness but stated, "I'm not going on an hourly basis in this case, I'm going on a statutory commission, set out in the statutes, based on the inventory."

Section 453.153.1 RSMo Supp.1980 provides in relevant part as follows:

.. When there is only one personal representative he shall be allowed as the minimum compensation for his services the following percentages of the value of *personal* property administered and of the proceeds of all real property *sold* under order of the probate court:
[Scale described]
... Such percentages shall be computed on the value of the *personal* property at the time of disbursement or distribution thereof .. (emphasis added)

█ The amended inventory filed after the administrator resigned confirms that the real estate was not sold. In view of the announcement of the administrator that he was proceeding solely on the basis of the statute, not on an hourly basis, the court erred in granting a commission based on percentages of the value of the real estate. This was not authorized by the statute.

█ In the event the trial court considered the petition as an action in quantum meruit the result is the same. There was no testimony as to what services were performed, how they were performed, or how much time was required for the performance. There was no testimony as to the reasonable value of any such services as may have been performed. The administrator neither testified nor offered any documents or records to support his claim for services rendered. This evidence was insufficient as a matter of law to support the award of a commission. *See Boggess v. Cunningham's Estate,* 207 S.W.2d 814, 820 (Mo.App.1948).

█ The award of compensation to the administrator was erroneous for the further reason that the undisputed evidence offered by appellants, in the form of testimony by a certified public accountant, was that income tax returns were required for 1980, 1981 and a federal estate tax return was required. None of these returns were filed. As a result of the failure to timely file the federal estate tax return a beneficial election provision of the Internal Revenue Code was lost. Had the return been timely filed and the election made the tax due was subject to a spread over a period of fifteen years and the rate of interest on the unpaid tax limited to the favorable rate of 4%. Section 473.153.4 RSMo 1978 specifically provides that if the court finds that a personal representative has failed to discharge his duties as such in any respect it may deny him any compensation whatsoever. It has been held that where an attorney's conduct as executor is improper, or where he fails to meet his responsibilities he may be denied all compensation. *Estate. of Newhart,* 622 S.W.2d 398, 401 (Mo.App.

1981); *Matter of Estate of Gould*, 547 S.W.2d 863, 869 (Mo.App.1977).

An examination of the legal file reflects that the administrator was appointed on December 23, 1980, that an inventory was due to be filed on January 29, 1981, that it was filed on May 4, 1981 after two letters from the court, one of which recites numerous oral requests and a threatened citation for removal. The evidence wholly fails to show any cause or reason why the income tax returns and the federal estate tax return were not timely filed and the taxes paid. The certified public accountant testified that the penalties and interest for failure to timely file and pay the appropriate taxes would cost the estate $140,000. Further, the daughter of one of the three heirs of the estate testified that during the period of the administrator's office he failed to return numerous phone calls and when reached offered no explanation as to the lack of progress in the discharge of his responsibilities or in the filing of the federal estate tax return.

Although the administrator's settlement to resignation has been accepted by the court we note the case of *In re Alexander's Estate*, 360 S.W.2d 92 (Mo.1962). The court there said, "[w]here penalties and interest are allowed to accrue by unexplained failure to file tax returns on time, an administrator's claim for credit for such payments should be disallowed." *Id.* at 103. The court here faces the reverse situation. In *Alexander's Estate*, taxes had been paid and the question was whether the administrator was entitled to credit. It was held that he was entitled to credit for the taxes but not for the penalties and interest which the administrator suffered to accrue.

In summary, the administrator offered no creditable substantial evidence as to what services he rendered or as to the value of those services. He announced that he was "going on" a statutory commission, not on an hourly basis. The undisputed evidence is that over the period of twenty-six months he performed minimal services and failed to perform substantial services which have caused unnecessary expense and loss to the estate well in excess of the amount of compensation requested.

We reverse and remand for further proceedings not inconsistent with this opinion because the record reflects some personal property was mentioned in the estate.

DOWD, C.J., and CRANDALL, J., concur.