**Elmer SWALLOWS, Respondent,**

v.

**Verlin HOLDEN, et al., Appellants.**

**No. 14636.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 21, 1987.

James Spain, Hyde, Purcell, Wilhoit, Spain, Edmundson and Merrell, Poplar Bluff, for appellants.

Donald Rhodes, Bloomfield, for respondent.

FLANIGAN, Judge.

Defendants-appellants, against whom the trial court entered judgment, make the unusual and valid contention that the judgment must be set aside, not for the insufficiency of the evidence to support it but for the lack of any evidence at all.

Plaintiff-respondent Elmer Swallows brought this action against defendant Dexter Palette Company, Inc., a Missouri corporation, and four individual defendants.

---

The petition alleged, in general: On November 29, 1983, plaintiff obtained a workers' compensation award in the amount of $15,287.62 against the corporate defendant; on January 18, 1984, plaintiff obtained a judgment in the Circuit Court of Stoddard County against the corporate defendant in the amount of $15,287.62 based on the award; the judgment is unpaid and execution on it had been returned by the sheriff "wholly unsatisfied"; the individual defendants are all of the officers and directors of the corporate defendant; "after November 29, 1983" the defendants, with the intent to defraud the plaintiff, transferred to the individual defendants all or substantially all of the assets of the corporate defendant; the transfers were voluntary and without consideration and made for the purpose of defrauding plaintiff.

The petition prayed that the transfers be set aside and the assets be restored to the corporate defendant and subjected to a lien in plaintiff's favor, together with other relief.

The individual defendants filed a joint answer consisting, essentially, of a general denial. Apparently no answer was filed by the corporate defendant, although it was served. Depositions of the plaintiff, plaintiff's wife, and one of the individual defendants were taken. Plaintiff propounded separate sets of requests for admissions to two of the individual defendants, and responses were made to those requests.

In October 1984 the trial court set the case for nonjury trial on November 16, 1984. On the latter date, plaintiff, his attorney Thomas Baker, the four individual defendants and their attorney Stephen Holden, (who appeared for "all of the defendants"), appeared before the trial court. After the court announced the respective appearances of the parties, the following occurred:

"[The Court]: For the benefit of the parties here, I have talked to Mr. Baker and Mr. Holden, and we believe that the facts in this case can be agreed upon. And then after those facts are agreed upon, then we can apply the law to those facts. And we don't think it will be necessary that we have any testimony from witnesses. And I wanted to explain that to the parties here. The lawyers agree with me. And you are certainly welcome to stay, but you don't have to. If you want to go home, you can. And then I will get together with the lawyers, and we will agree on what the facts are, because most of the facts are matters of record or can be—We already have some testimony in depositions which might be used.

So, in the interest of keeping you all from having to stay around, we have come to this conclusion. Do any of you all have any questions about that or any objections to doing it this way?

(No response.)

[The Court]: Okay. Then, you can go or stay as you wish. And then we'll get together and do what I said."

The court's docket entry for November 16, 1984, contains this recital: "Parties stipulate as to evidence." The record on appeal contains nothing to support that recital.

The judgment was entered in August 1985. A docket entry, also made at that time, reads:

"The court having given attorneys for parties opportunity to submit proposed findings and judgment and plaintiff's attorney having done so, the court again takes up this matter and makes findings of fact and finds the issues in favor of plaintiff and against defendants. Costs taxed against defendants (see prepared findings and judgment)."

Although the judgment recites certain factual findings, apparently based on the depositions and requests-responses, it has previously been pointed out that none of them was in evidence.

Rule 81.12(a), V.A.M.R., provides that the record on appeal consists of "the legal file" and "the transcript." The record on appeal must contain "all of the record, proceedings and *evidence*" necessary to the determination of all questions to be presented to the appellate court. If a portion of the evidence has previously been reduced to written form, it must be included in the legal file. The transcript "shall

contain the portions of the proceedings *and evidence* not previously reduced to written form."

The transcript contains only the record of the proceedings of November 16, 1984, set forth above. Although the legal file does contain the requests for admissions and the responses thereto, and although the depositions have been filed in this court, there is no showing that any portion of the depositions or any portion of the requests-responses was offered or received into evidence at any time. There is no showing that the parties made any agreement with respect to the depositions or the requests-responses.

■ Since the record on appeal fails to show that evidence was adduced, this court must presume that evidence was not adduced. *Rippe v. Sutter,* 292 S.W.2d 86, 89[6] (Mo.1956); *Fine v. Waldman Mercantile Company,* 412 S.W.2d 549, 552[8] (Mo.App.1967); *McDaniel v. Lovelace,* 392 S.W.2d 422, 428[6] (Mo.App.1965). Where a judgment is being directly attacked, as on this appeal, there is no presumption that the trial court acted properly. *Taylor v. Coe,* 675 S.W.2d 148, 150[3] (Mo.App.1984); *Cobb Builders, Inc. v. Naidorf,* 472 S.W.2d 33, 34[2] (Mo.App.1971); *McDaniel v. Lovelace,* supra, 392 S.W.2d at 428.

A judgment must be based on evidence and not speculation. *State v. Rodgers,* 260 S.W.2d 736, 740[8] (Mo.1953); *Munger Securities Co. v. Martin,* 209 S.W. 875, 876 (Mo.1919); *Reynolds v. Reynolds,* 610 S.W.2d 311, 312–13 (Mo.App.1980); *Smith v. Smith,* 558 S.W.2d 785, 790[5] (Mo.App. 1977); *Brotherton v. City of Jackson,* 385 S.W.2d 836, 841[6] (Mo.App.1965); *Boggess v. Cunningham's Estate,* 207 S.W.2d 814, 820[7] (Mo.App.1948); *American Extension School of Law v. Ragland,* 112 S.W.2d 110, 113[4] (Mo.App.1938). Generally, where there is no evidence to support the judgment, the judgment is invalid, 49 C.J.S. Judgments, § 44, p. 103; see *Matter of Estate of Zierath,* 669 S.W.2d 70, 72[2] (Mo.App.1984), and this court must reverse and remand. *Taylor v. Coe,* supra, 675 S.W.2d at 150[4]; *Markus v. Lind,* 617 S.W.2d 78, 80 (Mo.App.1981); *Capoferri v. Day,* 523 S.W.2d 547, 558[3] (Mo.App.1975).

■ Although a judgment may be based on agreed facts, there must be evidence of what facts are agreed to. *Markus v. Lind,* supra, 617 S.W.2d at 79–80; *Baldwin v. Importers & Exporters Ins. Co.,* 124 S.W.2d 549, 550[2] (Mo.App.1939); *American Extension School of Law v. Ragland,* supra, 112 S.W.2d at 113[6]; *Bullock v. B.R. Electric Supply Co.,* 227 Mo.App. 1010, 60 S.W.2d 733, 735[7] (1933).[1] Recitals in a judgment do not prove its validity, where the judgment itself is being directly attacked. *Cobb Builders, Inc. v. Naidorf,* supra, 472 S.W.2d at 35; *McDaniel v. Lovelace,* supra, 392 S.W.2d at 427–428[6–8]. The judgment will be set aside if it is not supported by substantial evidence, *Murphy v. Carron,* 536 S.W.2d 30, 32[1] (Mo. banc 1976), and obviously it is not so supported if, as here, there is no evidence at all.

The record on appeal contains no agreement of the parties with respect to the evidence. The transcript contains no evidence, nor does it contain any agreement of the parties with respect to factual matters. The complete absence of evidence to support the judgment requires reversal and remand.

In their second point on appeal the defendants challenge the validity of one portion of the judgment. It is unnecessary to consider that point for the reason that the entire judgment, including the specifically challenged portion, is reversed.

The judgment is reversed and the cause remanded.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.

---

**1.** "As a general rule, the statement of facts constituting an agreed case should be made part of the record in the proceeding, lest there be no basis for review of the judgment." 3 Am.Jur.2d, Agreed Case § 15, p. 909.