LEO'S ENTERPRISES, INC., d/b/a
Johnson County Livestock
Market, Appellant,

v.

Mike MORGAN, Respondent.

No. WD 40768.

Missouri Court of Appeals,
Western District.

April 4, 1989.

Kevin Kelly and Joe F. Willerth, Independence, for appellant.

L. Clay Barton and Samuel S. Zollicker, Oak Grove, Cochran, Oswald, Barton, McDonald and Graham, P.C., Blue Springs, for respondent.

Before NUGENT, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

This suit was brought by Leo's Enterprises, Inc., d/b/a Johnson County Livestock Market against Mike Morgan on an account alleged to have been due for livestock purchases at plaintiff's auction barn. The case was tried to the court without a jury and resulted in a judgment for the defendant.

On appeal, Leo's contends the judgment was in error because it constituted an erroneous application of the law. In this court tried case, our review is guided by the instruction of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment may be set aside only if it is unsupported by substantial evidence, is against the weight of the evidence, erroneously declares the law or erroneously applies the law.

The unusual nature of this case requires consideration first of the character of the evidence which could be contended to support the judgment, recognizing the fundamental proposition that the trial court as the fact finder in this instance enjoys the prerogative to disbelieve the testimony of any witness. Thus, where, as here, the judgment is against the plaintiff, disbelief of plaintiff's evidence would ordinarily be sufficient to constitute a basis for judgment. This case, however, is not such an instance.

By way of general background, it appears from the evidence presented and from evidence incorporated from a companion case, *Leo's Enterprises, Inc. v. Warner*, 767 S.W.2d 378 (Mo.App.1989), tried on the same date, that plaintiff was in the business of conducting sales of livestock at auction. Owners of stock would bring the animals to the sale barn, they would be displayed to potential buyers in a ring and the barn manager would call the auction. The various bidders are assigned numbers to designate the identity on the auction house records of the successful buyer.

As each sale is completed, the auctioneer completes a scale or weigh ticket which shows the lot sold and the identity of the buyer, as well as other information. The scale tickets are in multiple copies. They go to the auction house office from the sale ring and there, sellers and buyers bills are prepared. The buyers bill with scale tickets attached are sent to the loading dock to verify what stock is to be delivered as and when the various buyers appear for their purchases. Apparently, payments for purchases are sometimes made on the sale day and sometimes by the maintenance of an open account for later settlement.

Plaintiff's evidence to support its claim against Morgan consisted of the testimony of Todd Ratty, the current general manager of Leo's, and the records of Morgan's account. Ratty testified that he was the custodian of the books and records. He had no personal knowledge of the transactions in question because he was not a Leo's employee when they occurred.

The records offered and received in evidence consisted of summaries Ratty had prepared taken from the original scale tickets and buyers bills in the account of Mike Morgan and covered transactions in the years 1981 and 1982. A similar summary of purchases made and payment checks

received showed the former to be in the amount of $238,716.57, the latter in the amount of $226,939.34, and a balance owed of $11,777.23.

Defendant objected to the admission of the records in evidence under the business records act due to a lack of foundation as to the mode of preparation, the time they were made, under whose supervision the documents were prepared and who had been in control of the documents. The objection, which was more fully stated in the trial of the companion case of *Leo's Enterprises, Inc. v. Warner, supra,* and to which counsel made reference when stating the objection in the present case, was not directed to the fact that the exhibit was Ratty's summary, but to the original documents for which the summary was a substitute. The trial court overruled the objection and admitted the exhibits in evidence, although expressing some doubt about the integrity of the recordkeeping by Leo's.

It is, of course, correct that the admission in evidence of the business records of the plaintiff did not conclusively prove the debt owed by Morgan. The trial court was entitled, as the fact finder, to discount the value or probative effect of the records and thus find for the defendant. In this case, however, the evidence did not end with the records but included also the testimony of Morgan, called as a witness for the plaintiff.

Morgan's testimony may be fairly summarized as follows. During the relevant time periods in 1981 and 1982, Morgan purchased livestock through plaintiff's auction sales and the scale tickets correctly showed Morgan's bid numbers indicating the charges should be made to him. Morgan, however, made auction purchases for different accounts, some for customers of plaintiff at plaintiff's request, some as agent for third parties at the request of those individuals and some for his own account. As to the unpaid account, Morgan did not know if that stock had been purchased for his own account or for the account of someone else. The situation is characterized in the following exchange:

Q. I see. You admit, though, you purchased the cattle, you didn't pay for them, you have no evidence of payment, and you don't know where they went?

A. That's standard procedure in the livestock business.

The evidence in the case consisting of the account records of the plaintiff and the admission by the defendant that he bought the cattle and did not pay for them does not support entry of judgment for the defendant.

To the contrary, there is no evidence consistent with the judgment. There must be some evidence upon which to base a judgment. *Byrd v. Town of Wardell,* 176 S.W.2d 840, 842 (Mo.App.1944). Under *Murphy v. Carron, supra,* the judgment is to be set aside if it is not supported by substantial evidence. *Swallows v. Holden,* 723 S.W.2d 576, 578 (Mo.App.1987). Even with appropriate deference to the trial judge's opportunity to evaluate credibility, the judgment in this case must fail because it is contrary to all the evidence presented.

■ Apart from the above, Morgan contends that he should have been excused from responsibility on the account because, as to the purchases in question, he may have been a buyer acting as agent for another and plaintiff's records erred in failing to so list the transactions. If that were the case, Morgan not only does not contend he gave any notice to Leo's of his entering into the purchases as an agent, he expressed uncertainty as to whether he did so in these instances and did not undertake even at trial to say for whom he was acting.

The general rule is that where one who is in fact the agent for another makes a contract with a third party without disclosing the fact of agency, or if he discloses such fact without disclosing the identity of his principal, he will be individually bound by the contract and the third party may hold the agent or the undisclosed principal at his election. *Grote Meat Co. v. Goldenberg,* 735 S.W.2d 379, 384 (Mo.App.1987). Here, there is no claim that Morgan, as to the accounts claimed to be unpaid, gave notice

**378**

to Leo's at the time of the purchases of any principal for whom Morgan was acting. According to the weigh tickets and buyers bill, Morgan was the purchaser and plaintiff is entitled to hold Morgan responsible even if plaintiff knew or suspected Morgan was acting for an undisclosed principal.

■ In a final point, Morgan seeks to support the trial court's judgment on a theory that plaintiff failed to prove its entitlement to recover on the accounts because the corporate status of plaintiff was not proved. General manager Ratty testified that plaintiff was a Missouri corporation in good standing. There was no evidence to the contrary. Morgan's claim that the judgment should be affirmed because the corporate charter itself was not introduced in evidence is without merit and frivolous.

The judgment is reversed and the cause is remanded for entry of judgment in favor of plaintiff and against defendant as prayed in plaintiff's petition.

All concur.