CHARLES CHALMERS MacLEAN, III, ARCHITECT, LTD., Plaintiff–Appellant,

v.

UNITED SOUTHWEST SERVICE AGENCY, INC., Trustee for The United Savings and Loan Assn., the United Savings and Loan Association, and Branson Mall, Inc., Defendants–Respondents.

and

Country Boulevard Mall, Peter H. Rea, Karen G. Rea, James W. Olson, and Marilyn Olson, joint venturers of Country Boulevard Mall, Ozark Mountain Country Mall, Inc., Peter H. Rea, James W. Olson, Harvey L. Nutt, and Joseph R. Green, Individually and as Statutory Trustees for Ozark Mountain Country Mall, Inc., Engineering Design and Management, Inc., Bruce K. Kirby, Trustee for Daniel J. O'Connell and Phillip L. Roper, Daniel J. O'Connell, Phillip L. Roper, Branson Mall Associates, Branson Mall Joint Venture, Nutt Equities Corporation, Country Boulevard Mall, Inc., and Peter H. Rea, individually and as incorporator for Country Boulevard Mall, Inc., Defendants.

No. 16467.

Missouri Court of Appeals, Southern District, Division Two.

June 25, 1990.

Steven W. Garrett, Curtis, Oetting, Brackman & Crossen, P.C., Clayton, for plaintiff-appellant.

Robert C. Jones, W. Laird Hetlage, St. Louis, for defendant-respondent United Southwest Service Agency, Inc.

Gary W. Allman, Cantwell, Allman & Smith, Branson, for defendants-respondents United Sav. & Loan Ass'n and Branson Mall, Inc.

HOGAN, Judge.

On January 29, 1986, plaintiff MacLean filed a three-count petition in the Circuit Court of Taney County. Eighteen defendants, including United Savings and Loan Association and United Southwest Service Agency, Inc., were joined. By the first count of its petition, plaintiff sought to enforce a mechanic's lien against a commercial shopping center located on five particularly described tracts of land in Branson, Missouri. Venue of the cause was changed to the Circuit Court of Stone County by order dated October 27, 1987. The propriety of the change of venue is not at issue on this appeal. On July 25, 1988, Peter H. Rea, an attorney who had been joined as a defendant, moved the court to require joinder of Branson Mall, Inc., Country Boulevard Mall, Inc., a defunct corporation, its statutory trustees, and the statutory trustees of Ozark Mountain Country Mall, Inc., as necessary and indispensable parties to the action. On August 24, 1988, the trial court entered an order disposing of several motions. In pertinent part, the order reads:

"... Motion 4 requiring joinder of Branson Mall, Inc., Country Boulevard Mall, Inc., a defunct corporation, its statutory trustees, and the statutory trustees of Ozark Mountain Country Mall, Inc., as

necessary and indispensable parties is sustained. Plaintiff is granted leave to file its amended petition to include same as indispensable parties, all within 30 days...."

Thereafter and on October 12, 1988, plaintiff filed its Second Amended Petition joining Branson Mall, Inc., Country Boulevard Mall, Inc., and the statutory trustees of Ozark Mountain Country Mall, Inc. as defendants. On October 21, 1988, defendant United Southwest Service Agency and United Savings and Loan Association moved the court to dismiss the petition because the necessary (or indispensable) parties were joined more than six months after the filing of the mechanic's lien. On November 14, 1988, the trial court sustained this motion. The court's docket entry reads as follows:

"Upon consideration of the pleadings, arguments, Chapter 429 RSMo and the cases cited, particularly *Central Wholesale Distributors v. Day*, 672 SW2d 88 (W.D.Mo.App.1984), the court sustains the alternative motion of defendants, United Southwest Service Agency, Inc. and the United Savings and Loan Association to dismiss Count I of the plaintiff's second amended petition as to said defendants due to plaintiff's failure to join Branson Mall, Inc., Country Boulevard Mall, Inc., a defunct corporation, its statutory trustees and the statutory trustees of Ozark Mountain Country Mall, Inc., as necessary and indispensable parties less than six months after the filing of said mechanic's lien. Clerk to notify counsel."

There is, as defendants United Savings and Loan and Branson Mall, Inc. concede in their brief, no record that any evidence was presented at the hearing on the motion to dismiss. We will add that, as far as we can determine from the record before us, no evidence was presented when the motion to require joinder of necessary and indispensable parties was taken up and considered on August 24, 1988.

Plaintiff moved the court to reconsider its dismissal of Count I of its petition, that is, the count seeking to enforce a mechanic's lien. The court denied the motion and granted a motion to dismiss filed by defendant Branson Mall, Inc. Branson Mall's motion to dismiss stated essentially the same grounds for dismissal as the motion filed by United Savings and Loan and United Southwest Service Agency. By order dated July 20, 1989, the trial court made its order of dismissal final pursuant to Rule 74.01(b). This appeal followed.

The plaintiff and defendants United Savings and Loan Association, Branson Mall, Inc., and United Southwest Service Agency, Inc., have filed briefs, arguing various points. Dispositive of the appeal is the fact that no evidence was ever presented indicating why Branson Mall, Inc., Country Boulevard Mall, Inc., a defunct corporation, its statutory trustees, and the statutory trustees of Ozark Mountain Country Mall, Inc., were necessary or indispensable parties to the action. Defendants suggest in their briefs that certain remarks made by counsel for the plaintiff during argument on the motion to join parties amount to a concession that the motion was well taken. The remarks are not of record and we cannot accept counsel's statements in a brief as a substitute for record proof, even though we have no reason to doubt the accuracy of the statements. *In re Redemption Proceeding by Hokanson*, 706 S.W.2d 559, 560 (Mo.App.1986); *Landers v. Smith*, 379 S.W.2d 884, 887[4] (Mo.App. 1964).

Setting aside all tangential questions, we conclude the appeal is analogous to and is controlled by what was said in *Taylor v. Coe*, 675 S.W.2d 148 (Mo.App.1984), which involved dismissal of an action for non-joinder of a necessary party. We quote:

"[3] A motion does not prove itself and the burden is on the movant to prove its allegations. *Staab v. Thoreson*, 579 S.W.2d 414 (Mo.App.1979); *Williams v. Williams*, 497 S.W.2d 415 (Mo.App.1973); *Cobb Builders, Inc. v. Naidorf*, 472 S.W.2d 33 (Mo.App.1971). 'Once a factual question of the court's jurisdiction is raised, the movant bears the burden of demonstrating that the court's exercise of jurisdiction is improper.' *Parmer v.*

*Bean*, 636 S.W.2d 691, 694 (Mo.App. 1982). There must be evidentiary support for the order dismissing the petition and this court does not 'apply a presumption of right action on the part of the trial court to sustain an order since it is being directly attacked in this action.' *Cobb Builders, Inc.*, supra.

[4] It is the duty of this court to dispose finally of the case unless justice otherwise requires. Rule 84.14. That duty, however, presupposes a record and evidence upon which this court can perform that function with some degree of confidence in the reasonableness, fairness, and accuracy of its conclusion. When such record and evidence are not presented, 'reversal and remand necessarily follow.' *Capoferri v. Day*, 523 S.W.2d 547, 558 (Mo.App.1975). To similar effect see *Markus v. Lind*, 617 S.W.2d 78 (Mo.App.1981); *In re Estate of Kranitz*, 610 S.W.2d 300 (Mo.App. 1980); and *American Food Management v. Transamerica Ins.*, 608 S.W.2d 552 (Mo.App.1980)."

*Taylor v. Coe*, 675 S.W.2d at 150[3][4].

It is to be borne in mind that the motion to require joinder of necessary or indispensable parties was not verified. No affidavits were attached to the motion. There was, to reiterate, no species of proof presented indicating why *any* additional parties were necessary or indispensable under the provisions of Chapter 429, RSMo 1986. No facts were presented to show why the principles stated in *Central Wholesale Distributors v. Day*, 672 S.W.2d 88, should be applied. The judgment must be reversed and the cause remanded for a determination why the parties who were not originally joined as defendants in Count I of the action were necessary or indispensable parties, and for a determination whether timely joinder was effected by the filing of plaintiff's second amended petition.

It was developed in oral argument that the commercial shopping center which is the subject of this litigation might have been part of an estate in bankruptcy. At our request, counsel for plaintiff inquired and discovered that the matters herein litigated were, or appeared to be, pending in the United States Bankruptcy Court for the Western District of Missouri in a proceeding in bankruptcy styled *In re Branson Mall, Inc.*, No. 89–60657–S–KMS, at the time the appeal was submitted. At our request, an order modifying the automatic stay of judicial proceedings effected by 11 U.S.C.A. § 362(a) was obtained after the appeal was submitted. We readily accept the assurance of all counsel that they were unaware of the pendency of the bankruptcy proceeding, but it is ordered that a copy of this opinion and the mandate of this court be furnished to the United States Bankruptcy Court for the Western District of Missouri, with a copy of the Order Granting Relief from Automatic Stay granted by Hon. Karen See and dated January 5, 1990.

FLANIGAN, P.J., and MAUS, J., concur.

SHRUM, J., not participating because not a member of the court when cause was submitted.