**Alvis Michael BOILLET, Guardian of the Person and Conservator of the Estate of Emma E. King, Plaintiff/Appellant,**

v.

**Freda Pauline CONYER, Defendant/Respondent.**

**No. 60026.**

Missouri Court of Appeals, Eastern District, Southern Division.

March 10, 1992.

Clinton B. Roberts, Farmington, Robert C. Cook, St. Louis, for plaintiff/appellant.

John A. Layton, Cape Girardeau, Gary S. Uthoff, St. Louis, for defendant/respondent.

GRIMM, Judge.

Emma E. King, the mother of defendant Freda Conyer, appeals the trial court's denial of her motion to set aside a consent judgment. Mother and daughter had settled claims against each other involving jointly-owned real estate; however, mother subsequently challenged the consent decree, claiming she did not consent to the settlement or have the mental capacity to do so. The trial court denied her motion to set aside the decree. We affirm.

Mother raises only one point on appeal. She claims the trial court erred in refusing to set aside the consent decree because her

motion "was sufficient, with the supporting evidence, to warrant vacation of the court order due to lack of consent. Disregarding the affidavits before the court was error."

## I.

A transcript of the proceedings was not furnished to us. Thus, we glean the facts from the pleadings and documents in the legal file.

Mother's husband died in February, 1980. That fall, mother conveyed her interest in a residence located on a 30 acre tract to herself and her daughter as joint tenants. According to mother's petition, at the time the deed was signed, mother was "under extreme duress" and daughter "coerced her" to sign the deed.

On the other hand, daughter's pleadings contend mother signed the deed freely and voluntarily. Further, she alleges she has spent money, time, and labor to improve the property between 1980 and 1989.

Further, the pleadings reflect that on March 24, 1989, mother signed a General Warranty Deed purporting to convey the same property to Alvis Michael Boillot. Alvis is the grandson of mother and the son of daughter. Since April 15, 1989, mother has denied daughter access to the property.

In November, 1989, mother filed suit to cancel the deed to daughter. Daughter counterclaimed, asking the court to (1) invalidate the deed from mother to grandson, (2) partition the tract, and (3) award her one-half of the reasonable rental value of the property from the time she was excluded, plus reimbursement for money she had expended on the property.

The matter was set for a non-jury trial on March 12, 1991. The docket entry for that day reads:

[Mother] appears in person with counsel, Michael L. Maynard. [Daughter] appears in person with counsel, John A. Layton. [Mother] adduces evidence. Court recesses. Parties announce they have reached a settlement as per formal Order filed herein. So ordered. /s/ Kenneth W. Pratte, Div. II.

The March 12 order was in the form of a stipulation. It provides:

1. The parties agree as follows to settle all issues set forth in the Petition of [mother] and Counter–Claim of [daughter];

A. That [daughter] shall pay [mother] the sum of Three Thousand Dollars ($3000.00).

B. [Mother] and [daughter] will convey by General Warranty Deed all their interest in subject property to [daughter], Reserving and Subject to [mother's] Life Estate in said Property—specifically the House, Yard and Garage; with access to and use of Barn, Garden and Orchard for [mother's] Non-exclusive Personal use.

C. [Daughter] to have all Income from Property and to pay all Taxes and Insurance.

D. All personal property on the Premises to become the sole and absolute property of [daughter] upon the death of [mother].

E. Counsel to [daughter] to Prepare all Deeds and Documents of Conveyance.

So ordered!

/s/ Kenneth W. Pratte,

Div. II

On March 27, 1991, mother, through her present attorney, filed a motion for new trial or motion to set aside judgment. In her motion, mother alleged, among other things, that on the date of trial, she was "confused and did not understand all issues and proceedings." She alleged the property was worth $30,000 to $40,000 and the settlement was unjust. Mother signed an affidavit stating the "matters set forth [in the motion] are true and correct to the best of her knowledge, information, and belief."

The motion was taken up by Judge Pratte on April 4, 1991. The docket entry reflects that after the court heard argument on the motion, the motion was denied.

As indicated earlier, mother did not furnish us with a transcript of this proceeding, nor of the March 12 proceeding.

The legal file also contains an affidavit from Gary J. Grix, M.D. and his letter concerning mother. This affidavit was not attached to the motion; it was filed April 4, 1991.

## II.

■ Mother's sole point on appeal is that the trial court erred in denying her motion to set aside the consent decree. She claims her motion was sufficient and the trial court erred in disregarding the affidavits.[1]

We first observe that "a consent judgment has the same force and effect as any other judgment reached on the merits." *Gerhardt v. Miller*, 532 S.W.2d 852, 855 (Mo.App.E.D.1975); *Gerard v. Kodner*, 468 S.W.2d 677, 680 (Mo.App.E.D.1971). A trial court's decision whether to set aside a judgment and grant a new trial rests "largely within the sound discretion of the trial judge and that discretion will not be disturbed unless a clear abuse of discretion is shown." *Stewart v. Manor Baking Co.*, 397 S.W.2d 722, 726 (Mo.App.W.D.1965). Mother has failed to show that the trial court abused its discretion.

■ As mother notes in her brief, a trial court does not examine the merits or equities in its review of a consent judgment. The "only questions to be determined by it are whether the parties are capable of binding themselves by consent and whether they have actually done so." 49 C.J.S. Judgments, § 174 (1947).

■ As the appellant, mother has the burden of showing that the trial court abused its discretion. She has the duty to furnish an adequate record so that her allegation of error can be reviewed with some degree of confidence. *See Daniels v. Griffin*, 769 S.W.2d 199, 200 (Mo.App.S.D. 1989). Further, we are entitled to assume

that omitted portions of the record were unfavorable to her, and that is why they were not included. *Id.* at 201.

Here, the trial court heard testimony on March 12. The record before us only discloses "Plaintiff [mother] adduces evidence." We do not know who testified or what that testimony disclosed.

On the other hand, at the time the trial court entered the consent judgment, it knew who had testified and what that testimony disclosed. It also had that same information when it ruled the motion on April 4. On the record before us, we cannot find that the trial court abused its discretion in denying mother's motion. *See also In Interest of W.S.*, 599 S.W.2d 266, 268 (Mo.App.S.D.1980) (appeal dismissed because appellant's failure to include a transcript of an earlier hearing relied on by the trial court in reaching its judgment).

Mother argues that we must remand because there was "no evidence of record offered by [daughter] at the [new trial] hearing to show that her mother consented to or even had the ability to consent to the agreed order of March 12, 1991." She relies on *Swallows v. Holden*, 723 S.W.2d 576 (Mo.App.S.D.1987). Her reliance is misplaced.

In *Swallows*, the Southern District remanded to the trial court because "the record on appeal fails to show that evidence was adduced (at trial). . . ." *Id.* at 578. There, the parties apparently agreed to stipulate as to the facts, but the stipulated facts were never presented to the trial court. Yet, the trial court entered a judgment without either hearing evidence or receiving stipulated facts.

Here, the docket sheet reflects mother adduced evidence at the March 12 hearing. A consent judgment was then entered. *Swallows* is not applicable. In *Swallows*, no evidence was presented and a consent judgment was not entered.

The judgment of the trial court is af-

---

1. Mother's motion to strike the appendix to daughter's brief is granted; her alternative mo-

firmed.[2]

CARL R. GAERTNER, P.J., and AHRENS, J., concur.

tion to strike daughter's brief is denied.

**2.** Daughter's motion for damages for frivolous appeal is denied.