**STATE of Missouri, ex rel, Joanne LANGIANO, Petitioner–Appellant,**

v.

**Donald LANGIANO, Respondent–Respondent.**

No. 22726.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 29, 1999.

Motion for Rehearing or Transfer Denied Oct. 20, 1999.

Application for Transfer Denied Nov. 23, 1999.

Darrell L. Moore, Pros. Atty. and Barbara A. Bean, Asst. Pros. Atty., Springfield, for Appellant.

Donald Langiano, pro se.

PHILLIP R. GARRISON, Chief Judge.

Joanne Langiano ("Mother") appeals the order of the trial court establishing Donald Langiano's ("Father's") child support arrearage. On appeal, Mother argues that the trial court erred in setting a child support arrearage of $11,538.87 because it relied on evidence that was never properly admitted, its decision was not supported by substantial evidence, and it was against the weight of the evidence.

Mother and Father filed a separation agreement in Worchester County, Massachusetts in April 1990. A divorce decree was entered in May 1990, which ordered Father to pay child support in the amount of $87.20 weekly beginning April 26, 1990.

The payments were to be made to the Department of Revenue as long as Mother was receiving Aid to Families with Dependent Children ("AFDC") and thereafter, were to be paid directly to Mother.

In August 1997, the State of Missouri filed a Notice of Request for Registration in the Circuit Court of Greene County, Missouri to register the Massachusetts divorce decree. Father filed a response disputing the arrearage amount. On October 16, 1997, a hearing to establish the child support arrearage owed by Father was held.[1] Mother presented evidence showing that Father owed $25,762.66 in child support as of August 13, 1997. At the hearing, Father did not present any evidence showing the total arrearage he believed to be owed to Mother. He did, however, testify that he made child support payments directly to Mother by cash or money order from April 1990 until June 1994. He did not dispute the arrearage owed from June 1994 to August 1997.

At the conclusion of the hearing, the family court directed Father to submit a calculation to the court showing what he believed the arrearage to be. Father filed a letter, dated October 30, 1997, with the family court indicating his various places of employment, earnings, and the amounts he claimed to have paid in child support. He indicated that his arrearage should be set at $11,538.87.

On October 16, 1998, findings and recommendations were entered establishing the child support arrearage at $11,538,87 as of August 13, 1997. These findings were adopted and confirmed as the final judgment of the trial court on November 9, 1998. Subsequently, Mother filed a motion for a new trial and a request for rehearing. The trial court denied both of the requests and from these denials, Mother now appeals.

In her first point on appeal, Mother argues that the trial court erred in estab-lishing a child support arrearage of $11,538.87 as of August 13, 1997, because the evidence showed that the trial court based its decision on a letter that was never offered nor received into evidence. She contends that Father's October 30, 1997, letter calculating the arrearage he believed to be owed was never properly before the court, and thus, the case must be remanded for a new hearing to establish the arrearage.

A judgment must be based on the evidence presented. *Rice v. State Farm Ins. Co.*, 885 S.W.2d 775, 779 (Mo. App. E.D.1994); *Swallows v. Holden*, 723 S.W.2d 576, 578 (Mo.App. S.D.1987). Generally, where there is no evidence to support a judgment, it is invalid, and the court must reverse and remand the case for further proceedings. *Rice*, 885 S.W.2d at 779.

Mother cites *Swallows* in support of her position. In *Swallows*, this court concluded that although the legal file contained requests for admissions and responses thereto and although depositions were filed, there was no showing that "any portion of the depositions or any portion of the requests-responses [were] offered or received into evidence at any time." *Id.* at 578. Consequently, this court held there was a complete absence of evidence to support the judgment, which required reversal and remand. *Id.*

In the instant case, Mother's reliance on *Swallows* is misplaced. The record in this case indicates that on March 12, 1998, both parties appeared before the family court for the final receipt of evidence.[2] At that appearance, Father submitted to the family court his calculations for the arrearage owed, and a notation of that submission appears on the docket sheet. The letter therefore was before the trial court and could be considered as a basis for its find-

---

1. Respondent appeared pro se at the hearing.

2. The Assistant Prosecuting Attorney appeared on behalf of Mother.

ings. Consequently, Mother's first point must be denied.

In Mother's second point, she contends that the trial court erred in establishing a child support arrearage of $11,538.87 as the weight of the evidence showed an arrearage of $25,762.66 as of August 13, 1997. She argues that the trial court's decision was not supported by substantial evidence and was against the weight of the evidence and consequently, the case should be remanded for a new hearing to establish the child support arrearage.

▪▪▪ In a court-tried case, the judgment will be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *see also* Rule 73.01(c);[3] *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo. banc 1991). Further, deference will be given to the trial court's determination of credibility, viewing the evidence and inferences therefrom in the light most favorable to the decree and disregarding all contrary evidence and inferences. *Mehra*, 819 S.W.2d at 353. "[A] trial court is free to believe or disbelieve all, part, or none of the testimony of any witness." *Burkhart v. Burkhart*, 876 S.W.2d 675, 678 (Mo.App. W.D.1994). As the trial court made no findings of fact or conclusions of law, all facts are considered on appeal as having been found in accordance with the result reached, and the trial court's judgment will be affirmed if it is correct on any reasonable theory supported by the evidence. *Weaks v. Rupp*, 966 S.W.2d 387, 392 (Mo. App. W.D.1998).

▪▪▪ In this point, Mother first contends that the arrearage of $11,538.87, which was based on Father's October 30, 1997, letter, incorrectly calculated the arrearage owed as it included payments made after August 13, 1997. Mother is correct in part. The hearing was to determine an arrearage amount as of August 13, 1997. The calculations in Father's letter, which the trial court apparently relied upon, included payments made after August 13, 1997, and such payments in turn improperly reduced the arrearage amount.[4] The trial court clearly erred insofar as it deducted such subsequent child support payments from the arrearage.

▪▪▪ Mother makes several other arguments in an effort to show that the trial court's decision was not supported by substantial evidence and was against the weight of the evidence. She contends that Father's October 30, 1997, letter contradicts his testimony at the hearing and renders his evidence meaningless and without any probative value. Mother also argues that Father's testimony at the hearing was so contradictory as to have no probative value and that her evidence completely contradicts both Father's testimony at the hearing and his letter calculating the arrearage owed. These arguments, however, are without merit.

The record indicates that the family court held a hearing to determine the child support arrearage owed by Father as of August 13, 1997. Both parties were allowed to present evidence. The court received into evidence several of Mother's exhibits, which indicated a child support arrearage of $25,762.66.[5] Father also tes-

---

3. All rule references are to Missouri Rules of Civil Procedure (1999).

4. Father's letter included a payment of $954.35 in child support for the period of "7/97 – Present." This represented approximately 12.5 weeks of payments and thus, extended well beyond the August 13, 1997, ending date for the calculation of the arrearage.

5. Exhibit One was a support calculation summary showing an arrearage of $25,762.66. Exhibit Two was an arrearage affidavit signed by Mother indicating that Father had never paid child support directly to her from the date the child support decree was entered. Exhibit Three showed that Father was ordered to pay $87.20 per week child support to the Department of Revenue until Mother no longer qualified to receive AFDC. Exhibit

tified, stating that he had paid child support directly to Mother from the date the order was entered until June 1994. Following the hearing, the family court took the matter under advisement. During this interim period, Mother submitted another exhibit showing the arrearage owed, and Father submitted a letter indicating that according to his own calculations he owed $11,538.87. Beyond the erroneous inclusion of payments made after August 13, 1997, we find no error in the trial court's decision to rely on Father's letter and testimony as to his payment of child support.

The judgment of the trial court is reversed and the cause is remanded with directions to recalculate the child support arrearage and enter a judgment consistent with this opinion.

MONTGOMERY, P.J., concurs.

PREWITT, J., concurs in part, dissents in part, and files a separate opinion.

JAMES K. PREWITT, Judge, concurring in part and dissenting in part.

I agree that this matter should be reversed, but disagree that the record establishes that the letter of October 30, 1997, was properly before the court and should be used in the recalculation. The majority opinion concludes that the letter was before the trial court due to a hearing held on March 12, 1998. The only indication of that hearing which I find in the record is in the docket sheet, where the following appears:

> 3/12/98    APA Bean & respondent appear for final receipt of any evidence from either party. Respondent submits his calculations to the court. bw

Apparently, there was no transcript made of that hearing, or at least none appears in this record. Based upon this hearing, the majority opinion concludes

Four was an administrative order issued by the Missouri Division of Child Support Enforcement indicating an arrearage amount as

that "[t]he letter therefore was before the trial court and could be considered as a basis for its findings." I cannot reach that conclusion. There is no indication that the letter was presented, offered, or admitted in evidence and no showing what the "calculations" were. Whether they were the same as those in the letter, we do not know.

The letter was hearsay, it is not marked as an exhibit, and the record does not show that it was received in evidence. Therefore, I conclude that it was improperly before the court and should not have been considered.

For these reasons, I respectfully disagree with the majority opinion.

of February 7, 1997, in the amount of $25,-201.20.